CHASEZ, Judge.
Plaintiff, Edward D. Jones, Jr., brought this action against defendant, Anton A. Zorick, for specific performance of defendant’s obligation under an agreement of exchange of immovable property. Defendant answered denying the allegations in part and affirmatively alleged that he entered into the agreement relying on the representations of plaintiff which he considers fraudulent. He prayed that the agreement be rescinded and set aside and he be awarded damages. The trial court rendered judgment for the plaintiff, ordering specific performance by the defendant of his obligation under the agreement. Defendant has appealed from this judgment.
The basic facts are: Plaintiff, put an advertisement in the April 24, 1962 issue of the Times-Picayune, a New Orleans newspaper, under the “swap” column, as follows:
“RAISED stucco single, zoned commercial, outstanding location, clinic or professional offices, for lots or acreage. 482-6590.”
The defendant contacted plaintiff and various negotiations followed. It was agreed that defendant would give the plaintiff property located at 418 Central Avenue in Jefferson Parish, Louisiana; and defendant in exchange would give plaintiff 50 acres of property in Mississippi. This agreement was put in writing in the form of a notarial act before Walter E. Kollin, on the 23rd day of May, 1962, and reads as follows:
“BEFORE ME, the undersigned authority, personally came and appeared:
“EDWARD D. JONES, JR. and ANTON A. ZORICK, who did mutually agree and stipulate as follows:
“That said Edward D. Jones, Jr. does hereby agree to transfer unto the said Anton A. Zorick, the property located at 418 Central Avenue, Jefferson Parish, Louisiana, on grounds measuring approximately 5(7 x 120' on the following terms and conditions:
“Anton A. Zorick agrees to assume that certain mortgage on 418 Central Avenue, having a balance due of $13,-408.50.
“Anton A. Zorick further agrees to pay to the mortgage holder the sum of $243.92, which said money will make the mortgage note current through May, 1962.
*676 “In exchange for the aforesaid property, Anton A. Zorick agrees to transfer unto Edward D. Jones, Jr. the following described property, to-wit:
“The W. one-half () of the Northwest one-quarter (J4) of the Northeast one-quarter (J4) ; the West one-half (I/2) of the Southwest one-quarter (14) of the Northeast one-quarter (14) and the South one-half (14) of the East one-half (1/2) of the Southwest one-quarter (14) of the Northeast one-quarter (14) Section 21, Township 9 S., Range 15 W., Hancock County, Mississippi, totaling 50 Acres.
“The said Anton A. Zorick hereby agrees to take title to the property located at 418 Central Avenue and owned by Edward D. Jones, Jr. on or prior to June 1, 1962.
“The said Edward D. Jones, Jr. agrees to take title to the property located in Hancock County, Mississippi immediately upon all necessary documents relative to this sale having been completed by the law firm of Gex & Gex, Attorneys at Law, Bay St. Louis, Mississippi.
“The exchange of the aforedescribed property is conditioned upon both parties property being free and clear of all encumbrances except the ones mentioned above, and that both parties have good, valid and merchantable title to their respective property.”
The record discloses that Mr. Zorick’s notary, W. L. Baker, examined the title to the Jefferson Parish property; that the act of sale transferring the property from plaintiff to defendant occurred on the 14th day of June, 1962, and he has been using the premises since that date. In August of 1962, defendant was contacted by plaintiff’s attorney, who requested him to transfer the Mississippi property to plaintiff. Defendant refused. Therefore, this suit resulted.
The defendant, in his answer, affirmatively alleged that he informed plaintiff in negotiating the exchange that he desired the property for the sole purpose of operating a barbershop and beauty salon thereon and plaintiff assured defendant that the property could be so used as it was zoned commercial; after taking title to the Jefferson Parish property the defendant discovered because of the zoning it could not be used as a barbershop. Because of this alleged fraudulent misrepresentation the defendant asks that the agreement of exchange be rescinded and set aside and he be granted damages.
The only issue is whether, as a matter of fact, the alleged misrepresentations relative to the zoning of the property were made by Mr. Jones to Mr. Zorick.
The zoning of the property in Jefferson Parish was Residential-3. This category allowed residential use of the property and also commercial use to the extent of providing for the operation of clinics, clubs, lodges, nursing homes, hospitals, institutions, nursery schools and professional offices. It does not allow the use of the property for a commercial venture such as a barbershop.
Mr. Jones testified that he knew Mr. Zorick was a barber and discussed the use of the property with him. He says he explained the zoning ordinance to him and specifically stated that the property could not be used for a barbershop until the zoning was changed. He informed Mr. Zor-ick that the property could be converted into a clinic or professional offices. He also testified that in Orleans Parish the zoning category which allowed clinics, hospitals and professional offices was a commercial classification. Pie stated that the R-3 classification in Jefferson Parish was commercial also, although limited. He stated that he had at no time told Mr. Zorick that the property could be used, without a zoning change, for the purpose of locating a barbershop upon it.
*677 Mr. Kollin, the attorney who prepared the agreement of exchange ’• between the parties, testified that he did not tell Mr. Zor-ick that he could put a barbershop on the Jefferson Parish location. He said that Mr. Zorick was given a copy of the zoning ordinance which established and defined the use of the property in question on the day the agreement was signed, i. e., May 23, 1962. According to Mr. Kollin, at the time of the signing of the agreement of exchange Mr. Zorick stated that he would like to apply for a change in the zoning category in order to operate a barbershop on the premises.
In conformity with his allegations, Mr. Zorick testified he wanted the property for the sole purpose of later on being able to put a barbershop or beauty salon on it. He stated that Mr. Jones represented to him that he could put a barbershop on the property. He also stated this was his impression until one week after the act of sale transferring the Jefferson Parish property was passed, when he checked with the Jefferson Parish Zoning authorities who told him that he could not use the property for a barbershop. His testimony in regard to the time that he found out about the zoning of the property is conflicting.
Mr. Baker, the Notary Public who passed the act of sale to the Jefferson property, testified for the defense; that he checked the title for Mr. Zorick, the defendant, and that he did not check the zoning of the property until after the sale was passed.
The plaintiff’s case is that Mr. Zorick knew and was aware of the zoning category applicable to this property throughout the whole transaction and knew that the zoning would have to be changed in order to permit him to use it for barbershop purposes. The defendant’s case and testimony is that he at no time knew he could not put a barbershop on the property and he was led to believe by the plaintiff that he could and bought the property for that purpose.
A charge of fraud is a most serious one, and fraud is never imputed to anyone unless the evidence is strong and convincing, not merely probable or of a suspicious nature. Collier v. Administrator, Succession of Blevins, 136 So.2d 774 (La.App.1962) and cases cited therein. In short one has a very strong burden of proof to meet in order to sustain an allegation of fraud. The District Court after hearing the testimony held in effect that the defendant did not meet this burden of proof. Our review of the record indicates that the Court below was correct in its judgment for as a matter of fact defendant has failed to prove that any misrepresentations were made by the plaintiff or his agents. Furthermore, in a case where the evidence is so conflicting, great weight must be given to the Trial Court’s findings.
Thus, since the defendant before entering into the agreement of exchange of property, executed before Walter E. Kollin, Notary Public, on May 23, 1962, was aware of the zoning category of the property, and that this category would prohibit the use of the property for the purpose he claimed he intended to use it without a zoning change and since he has failed to bear the burden of proof to establish any of the allegations set forth in his answer and re-conventional demand, and particularly failed to prove the fraud alleged herein, the judgment of the Trial Court in favor of plaintiff- and against defendant in all respects on the main demand, as well as on the reconventional demand, of defendant is affirmed. All costs to be borne by defendant.
Affirmed.