ETHRIDGE, Chief Justice.
This case involves the question of whether a personal judgment by a court of another state, which is based on a contract of the parties and which orders a conveyance of real property in Mississippi by one of the parties, may be recognized and is conclusive of rights under the contract, and thus whether it may be the basis of a suit in this State for enforcement of the foreign judgment. We hold that it is, and, applying the doctrine of collateral estoppel, affirm the decree of the Chancery Court of Hancock County, Mississippi.
Anton A. Zorick, appellant-defendant, and Edward D. Jones, Jr., appellee-com-plainant, were both residents of the State of Louisiana when they executed a contract in that State in 1962. Jones agreed to transfer to Zorick certain property in New Orleans, and in exchange, Zorick agreed to transfer to Jones SO acres of land in Hancock County, Mississippi. Jones conveyed the New Orleans property to Zorick in accordance with the contract. When Zorick refused to carry out his part of the bargain, Jones filed suit for specific performance in *421 the District Court of Orleans Parish, Louisiana, and obtained a judgment on April 14, 1964, declaring Jones to be owner of the Mississippi land and ordering Zorick to specifically perform his obligations under the contract. The Louisiana Court of Appeals affirmed the district court’s judgment. Jones v. Zorick, 171 So.2d 674 (La.Ct.App.1965).
After the district court judgment was rendered, Zorick filed the present action in the Chancery Court of Hancock County, Mississippi. It was based upon the Louisiana judgment, and prayed for a decree adjudicating him to be the owner of the Mississippi property. The chancery court so ordered. It found that the Louisiana court had jurisdiction of the parties to the contract, which was the subject matter of the litigation. Hence, the Louisiana judgment was binding on the parties, and the chancery court adjudicated Jones to be the owner of *the Mississippi land. W. L. Baker, also an appellant, had intervened as a party-defendant, asserting ownership of a note and deed of trust on the property. However, the decree stated that it did not affect that lien, and made no ruling on it.
This is a typical case for application of the doctrine of collateral estoppel. The subject matter of the action in the District Court of Louisiana was the contract between the parties. It was executed in that State, and the parties were residents of that State. The specific question of the rights under the contract was litigated and determined by the judgment of the Louisiana court. It is conclusive of the questions determined, so as to preclude the parties from relitigating the same issues in the State of Mississippi where the property is situated. Lyle Cashion Co. v. McKendrick, 227 Miss. 894, 87 So.2d 289 (1956). Lyle Cashion applied this rule to the party who invoked the jurisdiction of the foreign court, preter-mitting whether it would be binding on all parties to the suit where it is not one merely involving title. We hold that the judgment of the foreign court based on the contract binds both parties to that suit by way of collateral estoppel. Cuevas v. Cuevas, Miss., 191 So.2d 843 (1966).
 A court cannot directly affect or determine the title to real property located in another state. However, a court, having acquired jurisdiction of the parties, “may enter orders and decrees affecting their dealings with such real property, so as to bind them personally, and such orders or decrees may be pleaded as a cause of action, a bar or defense in the state where the land is situated.” Cuevas v. Cuevas, supra. See Annot., 145 A.L.R. 583 (1943); 30A Am.Jur., Judgments § 266 (1958); 50 C.J.S. Judgments § 889(h) (2) (1947).
Affirmed.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.