Glen **ALEXANDER** and Lois Alexander,
Plaintiffs,

v.

**PILOT FIRE & CASUALTY INSUR-
ANCE CO., Defendant.**

No. LR–69–C–146.

United States District Court,
E. D. Arkansas, W. D.

Sept. 21, 1971.

Darrell Hickman, Searcy, Ark., for plaintiffs.

S. Hubert Mayes, Jr. of Fulk, Lovett & Mayes, Little Rock, Ark., for defendant.

MEMORANDUM OPINION

HENLEY, Chief Judge.

This diversity case which is a suit on the uninsured motorist endorsement appearing in a policy of automobile insurance issued by the defendant, Pilot Fire & Casualty Insurance Co., was tried to a jury on September 7, 1971. The jury returned a verdict in favor of the plaintiff, Lois Alexander;[1] the jury found that Mrs. Alexander's damages amounted to $25,000; and the jury also found by answer to a special interrogatory that the causal negligence producing the accident out of which the litigation arose was attributable to the negligence of the uninsured motorist, Marion A. Ingram, to the extent of 85 percent and to the negligence of Mrs. Alexander to the extent of 15 percent.

Those findings of the jury were all based on substantial evidence, and the verdict, including the answer to the interrogatory, will be accepted. It now becomes necessary for the Court to determine what judgment should be entered upon the verdict, a matter with respect to which the parties are in sharp disagreement.

The question is as to the monetary extent of the liability of an automobile insurer under an uninsured motorist en-

---

1. The claim of Glen Alexander, husband of Lois Alexander, was not submitted to the jury, and the complaint will be dismissed as to him.

dorsement in a State which, like Arkansas, has a comparative negligence statute, where the total damages sustained exceed policy limits, and where the jury has permissibly found that the accident was proximately caused by the joint and concurrent negligence of the uninsured motorist and the insured but with the negligence of the latter being substantially less in degree than the negligence of the former proximately contributing to the accident.

The Arkansas comparative negligence statute, Act 61 of 1961 (1st Extraordinary Session), Ark.Stats., Ann., §§ 27–1730.1 and 27–1730.2, provides that contributory negligence on the part of a person injured is not a defense to his action for damages unless his negligence is equal to or greater than the negligence of the defendant, and also provides that where the plaintiff is guilty of negligence that is of less degree than the negligence of the defendant plaintiff's recovery is to be diminished in proportion to his or her own negligence.

■ The policy issued by the defendant and which afforded protection to Mrs. Alexander had a single person limit of $10,000 less such sums as may have been paid to her under the "medical payments" coverage of the policy. The insurance company paid Mrs. Alexander under the medical payments coverage the sum of $450.65, and the principal amount of her claim against the defendant is $9,549.35. However, she also seeks to recover in addition a statutory penalty of 12 percent and a reasonable attorney's fee as provided by Ark.Stats., Ann., § 66–3238. In order to be entitled to the penalty and fee she must recover the full amount of her principal demand. Great American Insurance Co. v. Ratliff, E.D.Ark., 1965, 242 F.Supp. 983, 988, and Arkansas cases there cited.

Had this suit been brought by Mrs. Alexander against Ingram, the uninsured motorist, the $25,000 verdict in her favor would have been subject to diminution to the extent of 15 percent so that her net judgment against him would have been $21,150, an amount substantially in excess of the uninsured motorist limit of the policy issued by the defendant.

The plaintiff contends that the diminution called for by the verdict of the jury should be calculated as though Ingram was the defendant and without regard to the limit of defendant's policy. If that is done, plaintiff is entitled to judgment for the full amount of her principal claim, $9,549.35, and is also entitled to the statutory penalty and a fee.

The defendant contends, on the other hand, that the diminution should go against the coverage rather than against the $25,000 figure in which event plaintiff would not be entitled to recover the full amount of her principal claim and would not be entitled to a penalty or fee.

The Arkansas uninsured motorist statute, Act 464 of 1965, Ark.Stats., Ann., § 66–4003 et seq. requires automobile insurers to offer uninsured motorist protection to policy holders with limits equal to the requirements of the Arkansas Motor Vehicle Safety Responsibility Act, Act 347 of 1953, as amended, Ark. Stats., Ann., § 75–1401 et seq., which limits are now $10,000 for injuries sustained by any one person and $20,000 for injuries resulting from any one occurrence. Ark.Stats., Ann., § 75–1427, as amended by Act 307 of 1959, § 18.

Ark.Stats., Ann., § 66–4003 is as follows:

> "*Automobile liability uninsured motorist requirements.*—No automobile liability insurance, covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State unless coverage is provided therein or supplemental thereto, in not less than limits described in section 27 of Act 347 of 1953 [§ 75–1427], as amended, under provisions filed with and approved by the Insurance Commissioner, for the protection of persons insured thereun-

der who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage."

■ The purpose of uninsured motorist statutes is to give to an insured the same insurance protection against the results of the negligence of an uninsured motorist as would have been available to him had he been injured as a result of the negligence of a motorist carrying minimum liability insurance. 7 Am. Jur.2d, Automobile Insurance, § 135, p. 461; M. F. A. Mutual Insurance Co. v. Wallace, 1968, 245 Ark. 230, 431 S.W.2d 742.

Cases, both State and federal, that have arisen in Arkansas involving uninsured motorist endorsements have dealt with efforts of the insurance carriers by means of express policy provisions to limit their exposure by offsetting against their policy limits funds coming into the hands of the insured from other sources on account of his injuries.[2] The validity of such provisions depends, of course, upon whether the courts considering them find them to be in harmony or in conflict with the statute or with underlying public policies of the State.[3] However, decisions dealing with such policy provisions are of no help here since the policy in suit does not attempt to deal with the particular problem with which the Court is confronted.

The Court feels that that problem must be solved by reference to the insuring agreement appearing in defendant's policy, and that in construing that agreement regard must be had to the underlying purpose of the uninsured motorist statute, which purpose has been mentioned already.

The insuring agreement obligates the defendant to pay all sums which the insured or his or her legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile (uninsured motorist) because of bodily injury suffered by the insured. The ceiling of that obligation, of course, is the $10,000 single person limit and the $20,000 single accident limit.

Had Mrs. Alexander sued Mr. Ingram and obtained a net judgment against him in the sum of $21,500, and had he been carrying liability insurance with "10/20" limits, and had she not been able to collect the judgment from Mr. Ingram, she would have been entitled to maintain a direct action against his insurer and could have recovered the full amount of her judgment not in excess of his policy limit; that is to say, she could have recovered the full $10,000. See Ark.Stats., §§ 66–4001 and 66–4002.

■ The same result should be reached where she is suing her own insurer under the uninsured motorist endorsement of the policy which covered her at the time of the accident. To hold

---

2. M.F.A. Mutual Insurance Co. v. McKinley, 1968, 245 Ark. 326, 432 S.W.2d 484; M.F.A. Mutual Insurance Co. v. Wallace, 1968, 245 Ark. 230, 431 S.W.2d 742; M.F.A. Mutual Insurance Co. v. Bradshaw, 1968, 245 Ark. 95, 431 S.W. 2d 252; Treece v. Home Insurance Co., E.D.Ark., 1969, 295 F.Supp. 262; Boehler v. Insurance Co. of North America, E.D.Ark., 1968, 290 F.Supp. 867; Jones v. Morrison, W.D.Ark., 1968, 284 F.Supp. 1016; Carter v. St. Paul Fire & Marine Insurance Co., E.D.Ark., 1968, 283 F.Supp. 384; Childers v. Southern Farm Bureau Casualty Ins. Co., E.D.Ark.,

1968, 282 F.Supp. 866; Robey v. Safeco Insurance Co. of America, W.D.Ark., 1967, 270 F.Supp. 473, aff'd 8 Cir., 399 F.2d 330.

3. The problem of the validity of such provisions has naturally arisen in States other than Arkansas. And there are conflicts in authority. See Drummond, "Uninsured Motorist Coverage—A Suggested Approach To Consistency," 23 Univ. of Ark.L.R. 169 et seq., particularly 177–185 (1969). See also Annotations beginning in 24 A.L.R.3d 1353 and 24 A.L.R.3d 1369.

**564**

otherwise would defeat the purpose of the uninsured motorist statute. The Court holds, therefore, that the 15 percent diminution called for by the jury's verdict should be calculated in reference to and deducted from the $25,000 figure arrived at by the jury. Since the resulting figure, $21,500, is in excess of the policy limit, plaintiff is entitled to recover the full amount of her principal claim plus the statutory penalty and a reasonable attorney's fee which the Court now fixes at $2,650.00.