Raymond CARNER *v.* FARMERS INSURANCE COMPANY OF ARKANSAS

CA 81-132                                623 S.W. 2d 859

Court of Appeals of Arkansas
Opinion delivered November 18, 1981

202

*Bradley & Coleman,* by: *Douglas Bradley,* for appellant.

*Reid, Burge & Prevallet,* by: *Dan M. Burge* and *Robert L. Coleman,* for appellee.

Tom Glaze, Judge. This case involves the construction of automobile insurance policies. By three separate policies, appellee insured three automobiles owned by appellant. Appellant filed a claim for medical expenses under these policies after his son sustained injuries while riding on a friend's motorcycle. The motorcycle was struck at an intersection by an automobile. The trial court denied appellant's claim because his son was injured while occupying a motor vehicle not covered by appellant's insurance policies. On appeal, appellant argues that the policies of insurance issued by appellee are ambiguous, and the trial court should have construed the policy terms against appellee. If it had done so, appellant contends that the insuring language of the policies would cover his son's injuries because he was not riding a motor vehicle as that term is defined and intended under the insurance contract. The insuring provision in issue reads as follows:

> PART III. To pay all reasonable expenses actually incurred within one year from the date of accident for necessary medical services:
>
> (D) to or for the named insured or a relative who sustains bodily injury, caused by accident, . . . .

\* \* \*

(2) through being struck by a motor vehicle *while not occupying any other motor vehicle,* . . . . [Emphasis supplied.]

\* \* \*

The first and primary issue in this case is whether a Harley-Davidson motorcycle is a "motor vehicle" as that term is defined in the automobile policies issued by appellee to appellant. We have no problem in deciding that under Arkansas law, a motorcycle is considered a motor vehicle. Motorcycle is defined in Ark. Stat. Ann. § 75-1701 (a) (Repl. 1979) as follows:

(a) "Motorcycle" shall mean every *motor vehicle* having a seat or saddle for the use of the rider and designed to travel on not more than three (3) wheels in contact with the ground, but excluding a tractor and a motorized bicycle. [Emphasis supplied.]

Section 75-1701 (a) above was law at the time appellant's insurance policies went into effect. This being true, we find the following general rule announced in *Gill* v. *General American Life Insurance Company,* 434 F. 2d 1057 (8th Cir. 1970), applicable to the facts at bar:

A statute applicable to a contract of insurance in force at the time of the making of the contract enters into and forms a part thereof, must be read in connection therewith and in construing the terms of the policy, and controls in case of conflict. . . .

Although we believe it is clear that a motorcycle is a motor vehicle under Arkansas law, the circumstances in this case require us to consider yet another issue raised by appellant. He argues that the vehicle upon which his son was riding was not a motor vehicle or motorcycle under the terms of the policies because it actually is a "trail bike" and is not designed for use on public roads. Appellant directs our attention to the term "motor vehicle" defined in the insurance policies as follows:

"Motor vehicle" means a land motor vehicle designed for use principally upon public roads. . . .

Appellant contends that since the vehicle in question was designed for use as a trail bike, it should not be considered a motorcycle or motor vehicle merely because it was sometimes used on public roads. The evidence presented to the trial court simply does not support appellant's contentions.

In determining the character of the vehicle in issue, we must consider several factors. Some of these factors we set out in *Coleman v. M.F.A. Mutual Insurance Company*, 3 Ark. App. 7, 621 S.W. 2d 872 (1981). In *Coleman*, we noted that the vehicle's actual use, the design and intended use by the manufacturer and how it is commonly used are competent and material facts to be considered.

In the instant case, appellant offered no evidence that the Harley-Davidson vehicle involved was "designed" for use as a trail bike. In fact, the proof reflects that the vehicle was licensed to be used on the public streets, and that appellant's son was injured while riding the vehicle on a public street. Appellant testified that his son and son's friend used the vehicle to go to school, which required traversing streets and highways. Pictures of the vehicle introduced at trial depict a Harley-Davidson motorcycle with front and rear lights as well as turn signals. The motorcycle does have a rear fender which is slightly raised, but the record is not clear as to when or by whom the fender was raised. We can only be certain from appellant's testimony that his son and friend rode the vehicle on trails and someone at some time elevated the back fender to permit the vehicle to go through mud. From these facts, we believe the trial court correctly rejected appellant's contention that the vehicle was a trail bike.

The trial court found appellant failed to show the vehicle his son was riding was not a motor vehicle under the insurance policies. To the contrary, we believe the evidence amply supports the conclusion that the Harley-Davidson vehicle involved here is a motorcycle, and therefore is a

motor vehicle as that term is defined by the insurance policies and by Arkansas law.

We affirm.

Affirmed.