I.
This unusual action finds a brother contesting his sister's title to real property on a resort island in Greece, each claiming by and from their father. The sister claims title by conveyance under a power of attorney the father gave her husband/his son-in-law. In a related action the son claims under the father's subsequently executed will. Because there likely is more than a piece of Greek island property inside the Trojan horse we have been tendered, we proceed cautiously and generally.
The instant appeal centers upon the power of attorney. For what purposes, if any, is the power of attorney valid and against whom, if anyone, are actions taken by the attorney-in-fact enforceable? The trial judge held the power of attorney invalid and actions taken pursuant thereto unenforceable. To the limited extent that the attorney's acts may have included conveyance of realty in this state, the trial judge was on target. Otherwise, we reverse and remand with instructions.
 II. A.
Emanuel S. Varvaris, an elderly Greek emigrant, was a long time citizen of Hinds County, Mississippi. In 1978 he moved to Crossgates Manor Nursing Home in Rankin County, Mississippi, where he resided until his death on June 30, 1981. Emanuel had two children, Steven and Jean, both of whom reside in the metropolitan Jackson area and are opposing parties in this action. Plaintiff below and Appellee here is Steven *Page 601 
Varvaris, son of Emanuel Varvaris. Defendants below and Appellants here are Emanuel Varvaris' daughter, Jean V. Kountouris, Jean's husband, Mike Kountouris, and Anthony A. Tattis, an attorney having his office in Jackson and a notary public of Hinds County, Mississippi.
On September 11, 1980, Emanuel Varvaris apparently executed an instrument denominated "General Power Of Attorney". On its face this instrument purports to be Emanuel's appointment of his son-in-law, Mike Kountouris, as his lawful attorney-in-fact vested with all power and authority to act on his (Emanuel's) behalf.[1] The power of attorney was prepared by Anthony A. Tattis. Tattis, who is also an accountant, had done accounting work for Emanuel Varvaris continuously at least since 1954. He has known Mike Kountouris since 1942 and has done accounting work for the Mayflower Cafe, a business enterprise operating in Jackson, Mississippi, in which Mike Kountouris has been a one-third partner. On September 11, 1980, Tattis, Jean Kountouris and Callie Kountouris (a grandaughter) took the instrument to the nursing home in Rankin County where, we are told, Emanuel Varvaris signed it. Subscribing witnesses were Mrs. Lillian Carnathan and Mrs. Shelia Lowery, both employees of the nursing home at that time.
A little less than a month later, Mike Kountouris, acting under this power of attorney, conveyed to his wife, Jean, a piece of Emanuel Varvaris' seaside property, located on the resort island of Patmos, Greece. The deed was formally executed on October 8, 1980. The approximate fair market value of the real property in issue is said to be $195,000.00; Jean Kountouris paid $6,000.00 for it. Whether this transfer was made with Emanuel's knowledge is in doubt, as he appears to have devised this property to his son, Steven Varvaris, in a last will and testament executed on February 20, 1981.[2]
 B.
On June 25, 1982, Steven Varvaris commenced this civil action by the filing of his complaint in the Chancery Court of Hinds County, Mississippi. The complaint was *Page 602 
subsequently amended so that ultimately three parties were named as Defendants: Mike Kountouris, Jean V. Kountouris and Anthony A. Tattis. Varvaris asked the trial court to "declar[e] any and all acts performed pursuant to said General Power of Attorney null and void and of no force or effect", thus invoking the procedure authorized by Rule 57, Miss.R.Civ.P. According to the pleadings, the only action said to have been taken by Kountouris under the power of attorney was the conveyance of the real property in Greece.
In substance, Varvaris sought to proceed in the trial court on two theories: (1) that, because of its failure to conform to certain formal requisites to validity, the power of attorney was legally insufficient to confer upon Mike Kountouris power to convey the island property in Greece, and (2) that Jean and Mike Kountouris together with Tattis had conspired each with the others to commit forgery, fraud and/or undue influence upon Emanuel Varvaris and that the power of attorney came into being as the direct product of such forgery, fraud or undue influence.
The matter came on to be heard before the trial court on June 14, 1983, on Varvaris' motion for judgment on the pleadings or, in the alternative, for summary judgment.[3] See Rules 12(c) and 56, Miss.R. Civ.P. Without specifying which prong of the motion and which rule of the Miss.R. Civ.P. it was acting under, the trial court on June 21, 1983, entered final judgment in favor of Plaintiff Steven Varvaris, declaring that "any and all actions performed [by Mike Kountouris] pursuant to the General Power of Attorney are null and void".[4] This judgment, inescapably, holds void the conveyance of real property situated wholly within the territorial jurisdiction of the Republic of Greece. The judgment makes no reference to Varvaris' charge of fraud and undue influence nor does it make any reference to the law of the situs of the property in issue, the Republic of Greece, about which more will be said later. Rather, the judgment recites as its basis the notion that the power of attorney did not confer upon Mike Kountouris authority in law to convey the Patmos island property because it was acknowledged by a notary outside his jurisdiction, because it fails to recite delivery, and because it has never been placed on record. From this ruling all *Page 603 
three Defendants have perfected their appeal to this Court.
 III. A.
We approach the horse cautiously as though it were filled with more than we have been told. Generally speaking, our law regards as valid and enforceable as a power of attorney any written instrument signed by the principal and "express[ing] plainly the authority conferred". Miss. Code Ann. § 87-3-7 (1972). An exception to this general rule is found in the case of conveyances of interests in real property in this state. Before one empowered as an attorney in fact may execute and deliver a valid instrument of conveyance of an interest in land in this state prior in right to the interests of (a) subsequent purchasers for value and without notice or (b) subsequent judgment lien creditors, the written power of attorney must be acknowledged and recorded in conformity with the requirements generally applicable to instruments of conveyance of interests in land. Miss. Code Ann. § 87-3-1 and -3 (1972); see also Miss. Code Ann. § 89-3-1 (1972).
In this state of our law, a power of attorney may be perfectly valid and enforceable where the attorney in fact is dealing with the personal property of his principal but at the same time wholly ineffective to confer upon a transferee of the principal's land priority over subsequent bona fide purchasers or judgment lien creditors. See Lucas v. New Hebron Bank, 181 Miss. 762, 774, 180 So. 611, 612-13 (1938).
In the above context we consider Mike and Jean Kountouris' sole assignment of error: that the trial judge erred when he entered judgment summarily in favor of Plaintiff Varvaris and against the Kountourises and their co-defendant, Tattis. That judgment declares the rights of the parties as contemplated by Rule 57, Miss.R. Civ.P., and, specifically and generally, declares null and void "any and all acts" performed by Mike Kountouris under the purported authority of the power of attorney. Since the specific "act" identified in the record and primarily attacked by Varvaris is Kountouris' use of the power of attorney to convey the Patmos Island property, the effect of the judgment, among other things, is to declare void a conveyance of real property situated in Greece.
The trial judge proceeded on the assumption that the question presented is "Is this power of attorney valid and enforceable?". We believe the question presented should be stated more carefully: "For what purposes, if any, is this power of attorney valid and against whom, if anyone, are actions taken pursuant to the power of attorney enforceable?" Our answer likewise will be presented with care.
 B.
We regard that the power of attorney conferred upon Mike Kountouris no power to effect a valid conveyance of an interest in Mississippi land prior in right over the interests of subsequent purchasers for value and without notice or subsequent judgment lien creditors. To have so empowered Kountouris, the instrument would have had to be acknowledged and recorded as instruments of conveyance of realty in this state generally must be, Miss. Code Ann. §§ 87-3-1, -3 and 89-3-1 (1972), in which event, of course, subsequent purchasers would be charged with constructive notice thereof.
Without dispute, the acknowledgment of Emanuel Varvaris' signature was taken in Rankin County by a Hinds County notary. Because the notary was outside his jurisdiction he had no authority in the premises and the acknowledgment was wholly ineffective.[5] Beyond that, the power of attorney *Page 604 
has never been placed of record anywhere in Mississippi (nor anywhere else insofar as the record reflects). Therefore, without reaching any other suggested inadequacy in the power of attorney, we hold that the power of attorney dated September 11, 1980, did not confer upon Mike Kountouris power to effect a conveyance of an interest in any real property owned by Emanuel Varvaris in the state of Mississippi prior in right to the interests of subsequent purchasers for value and without notice or subsequent judgment lien creditors. To this extent the judgment below must be affirmed.
That the power of attorney was not properly acknowledged and recorded benefits only subsequent purchasers of Emanuel Varvaris' Mississippi realty (if any) who have recorded their deeds or subsequent judgment lien creditors who have properly enrolled their judgments. Miss. Code Ann. §§ 89-5-1, et seq. (1972). As between the parties, the principal and the purported attorney-in-fact, all that is requisite to the enforceability of the power of attorney is execution and delivery in the same sense that, as between grantor and grantee, all that is necessary for a deed to be valid and enforceable is that the grantor execute it and deliver it. Davis v. Holified, 193 So.2d 723, 726 (Miss. 1967); Walker v. Walker, 214 Miss. 529, 545, 59 So.2d 277, 284 (1952). Such a power of attorney is similarly adequate that the grantee of the attorney-in-fact holds a valid and enforceable interest in Mississippi land consistent with the conveyance, so long as that grantee is not opposed by a subsequent bona fide purchaser or judgment lien creditor.
 C.
At this point the ice upon which the trial judge skated becomes thinner, for not only did he hold the instrument ineffective as to Mississippi real property, he went further and held the instrument "of no effect, . . . null and void" for any purpose and declared "any and all" acts performed by Mike Kountouris under it "null and void". [Emphasis supplied] The trial judge has declared void — and thus unenforceable against immediate parties such as the executrix of the last will and testament of Emanuel Varvaris, against the parties to this action, and presumably against the world — any and all acts of Mike Kountouris (a) with respect to personal property in Mississippi or other matters excluding conveyances of Mississippi realty and (b) with respect to conveyances of interests in real property geographically situated outside of Mississippi, most prominent of which would be the Patmos Island conveyance.
First, we regard the instrument on its face as sufficient under Mississippi law to confer upon Mike Kountouris authority to handle Emanuel Varvaris' personal property, to make and enter valid and enforceable contracts on his behalf, and generally (except as indicated in subsection B above) to do any and all things he has by a fair reading of the instrument been empowered to do. Leaving aside conveyances of real estate, a power of attorney in order to be valid in this state need only be a written instrument signed by the principal and expressing plainly the authority conferred. Miss. Code Ann. § 87-3-5 (1972). Neither acknowledgments nor witnesses are required. In this light the trial judge went too far when he held the power of attorney void and ineffective for all purposes and against all persons. To the extent that the judgment below declares the power of attorney void or ineffective for any purpose beyond conveyances of real property, if any, owned by Emanuel Varvaris in Mississippi, and against any persons except subsequent bona fide purchasers of any such property or subsequent judgment lien creditors, it is erroneous and must be reversed, without prejudice, of course, to Steve Varvaris' right to proceed further with his allegations of fraud, overreaching, undue influence and the like. *Page 605 
 D.
We have held that the power of attorney of September 11, 1980, did not empower Mike Kountouris to convey interests in lands situated in Mississippi prior in right to the interests of subsequent bona fide purchasers or judgment lien creditors. On the other hand, the instrument on its face appears perfectly valid and enforceable with respect to the making of contracts on behalf of Emanuel Varvaris and dealing with any personal property in this state in which Emanuel Varvaris held an interest prior to his death. None of this carries us far, for the primary bone of contention appears to be resort island real property in Greece with respect to which Steven Varvaris is neither a purchaser nor a judgment lien creditor.
The latter point first. Failure of Emanuel Varvaris and Mike Kountouris to comply with the formal requisites for validity and enforceability of a power of attorney under which Greek realty has purportedly been conveyed — whether those requisites be furnished by Greek law or Mississippi law — enures to the benefit only of subsequent bona fide purchasers who have placed of record the deed under which they hold or subsequent judgment lien creditors who have enrolled their judgments. Steven Varvaris, however, is neither a purchaser nor a lien creditor. He therefore has under our law no right to challenge a conveyance made pursuant to this power of attorney on grounds that it fails to meet the formal requisites. He is only a disgruntled family member upset that his siter holds a (Greek) deed to the Patmos Island property. Steven's claims in this action are thus necessarily limited to his charges of fraud, overreaching and the like, charges in no way considered or resolved by the court below and with respect to the factual or legal viability of which we utter not so much as a whisper.
Second, the trial judge declared the conveyance of this Greek property void, relying upon the Mississippi rules mentioned above and derived from Miss. Code Ann. §§ 87-3-1, -3 and 89-3-1 (1972). Because the land in issue is outside Mississippi, those rules have no application except such be mandated by more basic rules of Mississippi law, our choice of law rules emanating fromMitchell v. Craft, 211 So.2d 509, 512 (Miss. 1968); Craig v.Columbus Compress and Warehouse Co., 210 So.2d 645, 649 (Miss. 1968) and progeny. Only if the statutes mentioned above would be selected by virtue of our choice of law rules may those statutes have anything to do with determining the validity of the conveyance of the Patmos Island property or the enforceability of that conveyance as against third parties.
Because the trial judge in substantial part made his declaration of rights by reference to the wrong rules of Mississippi law, so much of the judgment below as has declared null and void Mike Kountouris' conveyance of the Patmos Island property to his wife must be vacated. For a host of reasons we trust are apparent, we make no attempt to render the case here but remand for further proceedings consistent with this opinion.
 E.
By virtue of the remand of Varvaris v. Kountouris, Etc.,477 So.2d 273 (Miss. 1985), as well as the remand of the case at bar, it appears likely that Steven Varvaris and Jean V. Kountouris will, among other things, be vying for title to the Patmos Island property.[6] On remand, the trial judge must confront the choice of law problem thus presented, for first and foremost the question before him will be whether, in determining the validity and force of this power of attorney as an instrument conferring legal authority upon Mike Kountouris to execute an instrument of conveyance of an interest in real property situated in the *Page 606 
Republic of Greece, his deliberations should be controlled in the end by
 (a) the laws respecting real property and powers of attorney of Mississippi, the place of citizenship of all of the parties involved, or
 (b) the laws respecting real property and powers of attorney of Greece, the situs of the real property title to which is here contested.
In recent years we have relied heavily on the Restatement of Conflicts of Laws in deciding choice of law questions coming before this Court. Mitchell v. Craft, 211 So.2d at 516;Spragins v. Louise Plantation, Inc., 391 So.2d 97, 100 (Miss. 1980); Boardman v. United Services Automobile Association,470 So.2d 1024, 1031-1035 (Miss. 1985); see particularly
Restatement (Second) of Conflicts of Laws §§ 223 and 224 (1971).
The Restatement sets forth general principles to be applied when choice of law problems arise in the context of conveyances of interest in land. We call attention to Restatement §§ 223 and 224 which read as follows:
 Section 223.
 Validity And Effect Of Conveyance Of Interest In Land
 (1) Whether a conveyance transfers an interest in land and the nature of the interest transferred are determined by the law that would be applied by the court of the situs.
 (2) These courts would usually apply their own local law in determining such questions.
Restatement (Second) Conflicts Of Law, Section 223 (1971).
 Section 224.
 Construction Of Instrument Of Conveyance
 (1) An instrument of conveyance of an interest in land is construed in accordance with the rules of construction of the state designated for this purpose in the instrument.
 (2) In the absence of such a designation, the instrument is construed in accordance with the rules of construction that would be applied by the courts of situs.
Restatement (Second) Conflicts Of Law, § 224 (1971).
Since we embraced the Restatement, we have on only two occasions confronted choice of law problems in a real property context. See Spragins v. Louise Plantation, Inc. supra; andTideway Oil Programs, Inc. v. Serio, 431 So.2d 454, 458 (Miss. 1983).[7] In Spragins we held that the law of Arkansas, the situs of the real property involved, controlled, while inTideway we suggested a similar result with respect to Louisiana property, although the issue was not finally resolved because of the undeveloped state of the record in the context of which we were required to consider the question.
As in Tideway, 431 So.2d at 458, it would appear from the pleadings that Mississippi law may require that Greek law be applicable in the Patmos Island case. Again as in Tideway, we stop short of expressly so deciding here and we do so for two reasons: (1) the issue appears not to have been considered maturely in the trial court, although it has been placed in issue by Steven Varvaris in his complaint and (2) the factual record before us is so inadequate that we could not decide the issue with confidence even if we were disposed to do so. That portion of the judgment below not dealt with in Sections III(B) and (C) above we vacate and remand for consideration of the choice of law question.
In doing this, we emphasize two points. First, by today's decision, we in no way hold that the power of attorney does confer authority upon Mike Kountouris to convey the Greek island property in issue or that the deed held by Jean V. Kountouris is sufficient to defeat any claim by Steven Varvaris to that property. What, and all, *Page 607 
we hold today is that the trial judge erroneously failed to consider the choice of law problem which upon remand could
result in application of Greek law to an important feature of this controversy which, to be sure, could mandate that the power of attorney is, vis-a-viz Steven Varvaris wholly invalid, unenforceable and ineffective to empower Kountouris to convey the island property. Nor have we excluded the possibility that faithful application of our choice of law rules may lead to decision of the dispositive questions under the Mississippi law of real property and powers of attorney. In the present state of the record and in the present posture of this proceeding, we simply do not know and do not dare attempt an adjudication without a full litigation of the matter in the trial court.
Second, although we do not decide here that Greek law applies, we do require that the law of Greece on this issue be ascertained. Indeed, it is elementary to any choice of law question that the contents of the law of the two competing jurisdictions be determined. This is for the rather obvious reason of ascertaining ab initio whether indeed there is a conflict. In this connection we note that Miss. Code Ann. §13-1-149 (1972) provides that:
 When any question shall arise as to the law . . . of any foreign country, the court shall take notice of such law in the same manner as if the question arose under the law of this state.[8]
 E.
On remand and assuming arguendo that our choice of law rules may mandate that Greek law applies, the trial judge should also consider whether, given the totality of the circumstances, it is feasible that title to the Patmos island property be litigated here, and, if so at all, to what extent. We suggest this in the context of the obvious reality that we have no power or authority to make an adjudication which a Greek court of competent jurisdiction is bound to honor.[9]
To be sure this action, wherein fraud and undue influence, inter alia, have been charged regarding the disposition of interest in land, lies within the subject matter jurisdiction of the Chancery Court of the First Judicial District of Hinds County. Miss. Const. Art. 6, §§ 159, 160 (1890); Miss. Code Ann. §§ 9-5-81, 11-17-37 (1972). All parties reside in Hinds County and have been effectively subjected to in personam jurisdiction in the chancery court. In such cases the courts of our state have authority to hear and adjudicate controversies between or among the parties and thereupon enter a personal judgment, even though the controlling substantive law is that of a foreign nation.Compare Zorick v. Jones, 193 So.2d 420, 421 (Miss. 1966). Such an adjudication, if finally made, would effectively bind the parties in this state and presumably in all other states, by virtue of the full faith and credit clause. U.S.Const. Art. IV, § 1; Restatement (Second) of Conflicts of Laws § 102 comment d (1971). That such an adjudication may not be enforceable in Greece as a matter of right and maybe not even as a matter of comity does not operate to defeat the exercise of the courts of this state of such authority as they do possess. See generally,Oceanic Steam Navigation Company v. Mellor, 233 U.S. 718, 732-34, 34 S.Ct. 754, 58 L.Ed. 1171, 1180-81 (1914); Mills v.Mills, 147 Cal.App.2d 107, 305 P.2d 61, 67-68 (1956). That the Chancery Court below may possess such authority does not mandate its exercise, for whether the trial court will proceed in a case such as this is a matter *Page 608 
committed to its sound and informed discretion.
 IV.
A postscript is necessary. We have been presented a rather unusual situation by the insistence of all counsel (if we understand them correctly) that we decide this case under Mississippi law. We have been implored not to get off into questions of Greek law, notwithstanding that the ultimate object of dispute between the parties is title to real property situated in Greece.
We do not wish this opinion to be misunderstood as telling counsel how to try their case. It is simply an unusual experience to have able counsel seemingly deliberately asking that we ignore rules of law that, to our minds, clearly apply. Our courts have authority, to be sure, to hear and adjudge personal controversies otherwise within their jurisdiction notwithstanding that the parties may stipulate to the application and enforcement of rules of law which are wrong and which, if contested, would have to be disregarded. In such actions our courts may enter personal judgments binding upon the parties. No doubt there are limits to this notion, but we do not perceive those to be reached here. If all parties wish to enter an unequivocal stipulation that Mississippi law regarding real property and powers of attorney shall govern this action on remand, they may do so and the trial judge may proceed to adjudge all issues according to that law and enter a final judgment which, subject to appeal, would no doubt be enforceable against the parties in the courts of this state — and where it counts, in the Republic of Greece, not worth the paper it may be written on.
 V.
Consistent with this opinion, the judgment below is affirmed in part and reversed in part and remanded. On remand, this action shall, in accordance with Rule 42(a), Miss.R.Civ.P., be consolidated with No. 54,889 which is also this day remanded, subject to the holding of separate hearings on separate issues in such consolidated actions as may be appropriate consistent with Rule 42(b), Miss.R.Civ.P.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED; CONSOLIDATED WITH NO. 54,889.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER and SULLIVAN, JJ., concur.
DAN M. LEE and ANDERSON, JJ., not participating.
[1] The power of attorney in its entirety reads as follows:
 GENERAL POWER OF ATTORNEY
KNOW ALL MEN BY THESE PRESENTS THAT I,
 Emanuel S. Varvaris
have made, constituted and appointed and by these presents do make, constitute and appoint
 Mike Kountouris
lawful attorney for me from time to time and in my name, place and stead:
To do any and all things necessary and proper, without inquiry and without responsibility to me, including but not limited to the sale, exchange, pledge, transfer, delivery or disposition in any manner of any property, real or personal, without any limitation whatsoever, now or hereafter held in my name or for and on my account; and
To sign on my behalf any notes, deed of trust and any and all other documents necessary for the borrowing of money in my name; and further, to sign my checks, and any and all other instruments in my name and on my account.
It is my intention by this General Power of Attorney to full invest all power and authority as my Attorney-in-Fact necessary to act full, and completely in my place and stead if I were personally signing such documents or taking such action. This General Power of Attorney shall be binding upon me, my estate and my personal representatives, until written revocation hereof shall be executed by me. The following is a specimen of the signature of my Attorney-in-Fact appointed hereby.
 MIKE KOUNTOURIS
IN WITNESS HEREOF, I have hereunto signed this General Power of Attorney, this the 11th day of September, 1980.
 EMANUEL VARVARIS
STATE OF MISSISSIPPI COUNTY OF HINDS
Personally appeared before me the undersigned authority in and for the jurisdiction aforesaid, Emanuel S. Varvaris, who executed the foregoing General Power of Attorney and acknowledged that he executed same.
Anthony Tattis
NOTARY PUBLIC
Sheila Lowery, LN
Witness
Lillian Carnathan, LPN
Witness
My Commission Expires: May 23, 1983.
[2] The will is the subject of a separate action, styledVarvaris v. Kountouris, Executrix, Etc., 477 So.2d 273 (Miss. 1985), which we also decide Steven's claim to the property is by virtue of the will.
[3] We regard Rules 12(c) and 56 as interchangeable alternative procedural vehicles. Rules 12(c) provides:
 If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.
Conversely, where a motion for summary judgment is filed and the court determines that it may appropriately be acted upon without reference to matters outside the pleadings, the judgment entered shall be a judgment on the pleadings. See 2A Moore's FederalPractice §§ 12.15 (2d ed. 1984) and 6 Moore's Federal Practice
§ 56.09 (2d ed. 1983); Wright Miller, Federal Practice andProcedure: Civil §§ 1369 and 2713 (1985). Frequently, as here, little turns on whether the motion has been treated as a motion for judgment on the pleadings or a motion for summary judgment.
[4] At oral argument the Court repeatedly asked each attorney who appeared whether any actions by Mike Kountouris under the authority of the purported power of attorney were being challenged, other than the sale of the Patmos Island property toJean Kountouris. While the answers given were not marked by clarity, no party has identified to us any act of Mike Kountouris in controversy or under scrutiny other than the sale of the Patmos Island property. On the other hand, there are within our actual and judicial knowledge the proceedings in an independent action between these same parties, a will contest mentioned in footnote 2 above. Those proceedings suggest that after the execution of the power of attorney in this case Emanuel Varvaris may well have owned real and personal property in Mississippi; hence, the statement at the outset of this opinion to the effect that the horse we are invited to bring within our walls may have more inside it than a piece of Greek island property. Because the trial judge in the case at bar acted summarily and because, for reasons to be explained presently, the case must be remanded for further proceedings in the trial court, we deem it prudent to proceed on the assumption that there may yet be a contest regarding acts, if any, taken by Mike Kountouris under the purported authority of the power of attorney, other than the conveyance of the Patmos Island property.
[5] Prior to July 1, 1981, the territorial limits of the jurisdiction of a notary public were the geographical boundaries of the county of his or her residence and for which he or she was commissioned. By virtue of the enactment of what has been codified as Miss. Code Ann. § 25-33-1 (Supp. 1984) that jurisdiction has been extended to "any or all counties adjoining . . . [the notary's] county of residence." Under the new statute a Hinds County notary would have full authority to take an acknowledgment in Rankin County. The power of attorney at issue here, however, was executed on September 11, 1980, almost ten months prior to the effective date of the new statute.
[6] The best interests of all concerned, of course, would be served by an amicable out-of-court settlement, by an end to litigation. We trust nothing we say here will discourage the parties on remand from entering into good faith negotiations toward those ends.
[7] We find quite instructive — and consistent with our law — the decision of the New York Court of Appeals in James v.Powell, 19 N.Y.2d 249, 225 N.E.2d 741, 279 N.Y.S.2d 10, March 2, 1967. The James case arises in an analogous factual context.
[8] In the Mississippi Rules of Civil Procedure, no counterpart to Rule 44.1, F.R.Civ.P., was adopted. Instead, the following appears:
 Rule 44.1
 DETERMINATION OF FOREIGN LAW
 [OMITTED]
 COMMENT
 Rule 44.1 is omitted from the Mississippi Rules of Civil Procedure because it is more a rule of evidence than of procedure and because Mississippi already has an excellent method for determining the law of foreign jurisdictions: Miss. Code Ann. § 13-1-149
(1972) provides that courts shall take judicial notice of all foreign law. See Parker v. McCaskey Register Co., 177 Miss. 347, 171 So. 337 (1936).
[9] This statement, of course, would be subject to the contrary provisions, if there be such, of any valid and binding treaty between the United States and Greece.