Ronald D. NICHOLS,
Plaintiff-Appellant,

v.

Nancy ANDERSON, et al., Defendants,

Canal Insurance Company,
Garnishee-Appellee.

ALLSTATE INSURANCE COMPANY,
Plaintiff-Appellant,

v.

CANAL INSURANCE COMPANY,
Defendant-Appellee.

No. 84–4498.

United States Court of Appeals,
Fifth Circuit.

May 5, 1986.
Opinion on Rehearing June 11, 1986.

Whitman B. Johnson, III, Steen, Reynolds, Dalehite & Currie, Jackson, Miss., for Allstate Ins. Co.

King & Spencer, Larry Spencer, Jackson, Miss., for Ronald D. Nichols.

Michael B. Wallace, Jones, Mockbee & Bass, Walker W. Jones, III, Ross F. Bass, Jr., Jackson, Miss., for Canal Ins. Co.

Before WISDOM, and POLITZ, Circuit Judges.*

## OPINION

POLITZ, Circuit Judge:

In this Mississippi diversity case, plaintiffs Ronald Nichols and Allstate Insurance Co. appeal summary judgments in favor of defendant Canal Insurance Company. Applying Mississippi law to determine the validity of a radius-exclusion clause in an insurance policy issued in Arkansas, the district court found the clause valid. Concluding that Arkansas law governs this case and mandates the voiding of the radius-exclusion clause, we reverse.

## BACKGROUND

The facts giving rise to this action are reported in detail in *Woods v. Nichols*, 416 So.2d 659 (Miss.1982). We note only a brief summary of the facts necessary to the resolution of this appeal.

Nichols, a Mississippi resident, was permanently injured in an automobile accident near Flora, Mississippi on January 31, 1979. The accident was caused by the combined negligence of Larry Brooks and Jerry Woods. The Mississippi Supreme Court affirmed a judgment in favor of Nichols for $550,000.

At the time of the accident, Brooks was covered by a liability insurance policy issued by Allstate to defendant Nancy Anderson, owner of the car Brooks was driving. Allstate paid its policy limits plus interest and penalties which totaled $130,-151.15.

Woods, driver of a tractor-trailer, was insured for $100,000 under a liability policy issued by Canal, containing an exclusion clause limiting coverage to within a 150-mile radius of McCrory, Arkansas, where the tractor-trailer was garaged. Although a part of Mississippi was within 150 miles of McCrory, the accident occurred beyond the limiting radius. As a result, Canal denied liability.

Nichols instituted a garnishment proceeding to enforce his judgment against Woods. Allstate sued Canal for contribu-

tion of one-half of the amount it paid Nichols. The state garnishment was removed to district court and the actions were consolidated. The district court granted summary judgments to Canal. Nichols and Allstate appeal.

## COLLATERAL ESTOPPEL

■ Canal contends, as a threshold matter, that Nichols and Allstate are collaterally estopped from litigating the issue of coverage under the policy it issued to Woods. Canal advances a declaratory judgment of the district court for the Eastern District of Arkansas, entered in 1979 while the initial Mississippi tort proceedings were pending, adjudging that Woods was not covered under the Canal policy at the time of the Nichols accident because of the radius-exclusion clause. We agree with the district court that collateral estoppel is inapplicable.

■ In diversity cases we apply federal collateral estoppel doctrine. *Freeman v. Lester Coggins Trucking, Inc.*, 771 F.2d 860 (5th Cir.1985). The party seeking to invoke collateral estoppel must plead the defense, Fed.R.Civ.P. 8(c), and show:

(1) that the issue at stake be identical to the one involved in prior litigation; [*and*]

(2) that the issue has been actually litigated in the prior litigation; *and*

(3) that the determination of the issue in the prior litigation has been a critical and necessary part of the judgment in that earlier action.

*Id.* at 862 (citations omitted) (emphasis added). In addition, the party raising this shield "must make some attempt to define precisely the [legal] issue necessarily decided in the prior [action]." *United States v. Kalish*, 690 F.2d 1144, 1155 (*citing United States v. Giarratano*, 622 F.2d 153 (5th Cir.1980)), *reh'g en banc denied*, 689 F.2d 190 (5th Cir.1982), *cert. denied*, 459 U.S. 1108, 103 S.Ct. 735, 74 L.Ed.2d 958 (1983); *see also United States v. Kalish*, 780 F.2d 506 (5th Cir.1986); *United States v. Jackson*, 778 F.2d 933 (2d Cir.1985).

The record before us contains only a copy of the default judgment entered in the Arkansas declaratory proceedings. This judgment merely outlines the facts behind the accident, noting that it occurred more

---

* Due to his death on March 27, 1986, Judge Albert Tate, Jr. did not participate in this deci-

sion. The case is being decided by a quorum. 28 U.S.C. § 46(d).

than 150 miles from McCrory and, as a consequence, Canal owed no duty to defend Woods in the then-pending Mississippi tort action.

The record before us does not show that the validity of the radius-exclusion clause was "actually litigated" in the Arkansas proceedings. Insofar as the record reflects, Canal merely sought a judicial determination that the accident occurred more than 150 miles from McCrory and, because of the radius-exclusion clause, that Woods was not covered under the terms of the policy. The default judgment status militates against the conclusion that the validity· *vel non* of the radius-exclusion clause was before the court. It strains credulity to believe that Canal put the validity of this clause at issue, and Woods made no appearance.

Canal has failed to carry its burden of proving that the instant issue of the validity of the radius-exclusion clause under Arkansas or Mississippi law was necessarily and actually litigated. Canal has not even shown that the issue was before the court in the Arkansas action. The *Freeman* factors are not met; Nichols and Allstate are not collaterally estopped.[1]

### CHOICE OF LAW

■ The essential inquiry presented by this appeal is whether the law of Arkansas or Mississippi is to be applied to the determination of the validity of the radius-exclusion clause. The district court applied Mississippi law and upheld the validity of the clause. Under Mississippi choice-of-law rules, *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), we conclude that Arkansas law governs the resolution of this issue.

In resolving conflicts-of-law problems, Mississippi applies

the law of the place which has the most significant relationship to the event and parties, or which, because of the relationship or contact with the event and parties, has the greatest concern with the specific issues with respect to the liabilities and rights of the parties to the litigation.

*Craig v. Columbus Compress & Warehouse Co.*, 210 So.2d 645, 649 (Miss.1968). In applying its "center of gravity" test, Mississippi has adopted the principles of the *Restatement (Second) on Conflicts of Laws* (1971) (the *"Second Restatement"*). *Boardman v. United Services Automobile Ass'n*, 470 So.2d 1024 (Miss.1985).

The starting point for our inquiry is § 193 of the *Second Restatement* which provides that the law by which the validity of a liability insurance contract is determined is that "of the state which the parties understood was to be the principal location of the insured risk...." *See Boardman.* As comment (b) to § 193 makes clear, in the case of an automobile liability insurance policy, the "principal location of the insured risk" will be the place "where the automobile will be garaged at least during most of the period in question." There is no question that Woods's tractor-trailer was at all pertinent times primarily garaged in McCrory, Arkansas. The policy itself reflects this fact. Even if this were open to doubt, the pertinent factors under § 188 of the *Second Restatement,* as interpreted and applied in *Boardman,* point to Arkansas law for the dispositive precepts.

The district court's pre-*Boardman* analysis was flawed by its focus on the original tort which occurred in Mississippi and injured a Mississippi resident. The issue we perceive is the validity of the radius-exclusion clause in an insurance policy issued in Arkansas, to an Arkansas motor-carrier, by an Arkansas insurer, covering a vehicle garaged in Arkansas. So viewed, we conclude that Arkansas has the dominant interest and its law is to be applied in testing the validity of the radius-exclusion clause.

As the Mississippi Supreme Court has pointed out, the use of the phrase "principal location" in § 193 of the *Second Restatement* "reflects the reality that choice of law questions do not arise unless at least two states have some arguable basis for application of their law." *Boardman,* 470 So.2d at 1033. We find that Mississippi has insufficient interest in applying its law to the validity of a clause in an Arkansas insurance policy, whatever its interest in

---

1. Because of our determination that Canal has failed to show that the *Freeman* factors have been satisfied, we do not reach the issue of whether Nichols and Allstate may be considered

privies of Woods for due process purposes. *See Freeman; Hardy v. Johns-Manville Sales Corp.*, 681 F.2d 334 (5th Cir.1982).

the other aspects of the litigation arising out of the Nichols-Woods-Brooks accident.

## ARKANSAS LAW

■ Woods qualifies as a "common carrier by motor vehicle" under Arkansas law as one who transports property for the general public by motor vehicle for compensation. Ark.Stat.Ann. § 73–1758(a)(7)(1979 Repl.) (now repealed). Common carriers must carry minimum liability insurance as prescribed by the Arkansas Transportation Commission (the Commission). Ark.Stat.Ann. § 73–1768. Rule 13.1 of the Commission, establishing minimum insurance coverage, provides in part:

> Nothing contained in [an insurance] policy or any endorsement thereon, nor the violation of any of [its] provisions, by the assured, shall relieve the [insurer] from [its] liability hereunder or from the payment of [any final] judgment.

Insurance contracts in Arkansas are read to include applicable statutory and public policy provisions in effect at the time the insurance policy is issued. These supersede any conflicting policy provisions. *E.g., O'Bar v. MFA Mut. Ins. Co.*, 628 S.W.2d 561 (Ark.1982); *Carner v. Farmers Ins. Co. of Ark.*, 3 Ark.App. 201, 623 S.W.2d 859 (1981); *Gill v. General American Life Ins. Co.*, 434 F.2d 1057 (8th Cir. 1970); *see also Milldrum v. Travelers Indem. Co. of R.I.*, 688 S.W.2d 271 (Ark. 1985). Insurance policy provisions which conflict with Arkansas statutes or public policy are invalid and void and are not merely unenforceable. *E.g., O'Bar; Vaught v. State Farm Fire & Cas. Co.*, 413 F.2d 539 (8th Cir.1969), *aff'g Carter v. Saint Paul Fire & Marine Ins. Co.*, 283 F.Supp. 384 (E.D.Ark.1968); *Safeco Ins. Co. of America v. Robey*, 399 F.2d 330 (8th Cir.1968); *see also Alexander v. Pilot Fire & Cas. Ins. Co.*, 331 F.Supp. 561 (E.D.Ark. 1971). Arkansas case-law reflects that an insurer may not abrogate the statutorily required terms of coverage unless expressly permitted by statute. *O'Bar, Vaught; Safeco Ins. Co.*

We are persuaded that the policy Canal issued to Woods contravenes the provisions of Rule 13.1, which specifically requires that the insurer pay any final judgment rendered against its insured. By limiting the policy's application to within 150 miles of McCrory, Arkansas, the policy issued to Woods does not cover the state of Arkansas. Had Woods's accident occurred in Fort Smith or El Dorado, for example, both of which are more distant than 150 miles from McCrory, the policy would provide no coverage. That limitation is inconsistent with Rule 13.1 and the public policy of Arkansas, as reflected in Ark.Stat.Ann. § 73–1758. Had the accident occurred in El Dorado it is clear that Rule 13.1 would oblige Canal to pay the judgment up to its policy limits. The 150-mile radius-exclusion clause would have been of no avail, being void *ab initio* as violative of the public policy of Arkansas. We conclude that the same result must appertain here.

We find no policy of Arkansas which would require the application of a radius-exclusion clause, void in Arkansas, to an accident which occurred in Mississippi. Initially, it is apparent note that both Woods and Canal contemplated operations in Mississippi, since, as previously noted, a portion of Mississippi lies within 150 miles of McCrory, Arkansas. The express policy of Arkansas is to further "cooperation [with another state] as fully as may be necessary in the enforcement of any provision of [the Arkansas Motor Carrier] Act." Ark.Stat. Ann. § 73–1760(e). *See also International Paper Co. v. Tidwell*, 466 S.W.2d 488, 491 (Ark.1971) (Arkansas follows "a policy of liberality rather than restrictiveness" in its dealings with other states).

■ Since the radius-exclusion clause is invalid under Arkansas law, it will not be given effect by a Mississippi court unless the applicable Arkansas law voiding the clause is contrary to the settled public policy of Mississippi. *McNeal v. Administrator of the Estate of McNeal*, 254 So.2d 521 (Miss.1971). We are persuaded that Mississippi's public policy in maintaining safe highways is furthered by a finding that the exclusion clause is void. *See, e.g.,* Miss. Code Ann. § 77–7–83; *State Farm Mut. Auto. Ins. Co. v. Kuehling*, 475 So.2d 1159 (Miss.1985); *Travelers Indem. Co. v. Watkins*, 209 So.2d 630 (Miss.1968); *Commercial Cas. Ins. Co. v. Skinner*, 1 So.2d 225 (Miss.1941).

For the foregoing reasons, we find the 150-mile radius-exclusion clause to be void and inapplicable in this case. The judgments are REVERSED and the actions are REMANDED for further proceedings consistent herewith.

**1144**

OPINION ON REHEARING

HENRY A. POLITZ, Circuit Judge:

This matter is before the court on the application of Canal Insurance Company for rehearing and on its motion to add a third member to the panel.

Canal's reliance on *Kountouris v. Varvaris* 476 So.2d 599 (Miss.1985), as authority for the proposition that Mississippi courts would not apply Arkansas law to the radius-exclusion clause of the insurance contract is misplaced. In *Kountouris,* the Mississippi Supreme Court expressly reaffirmed its reliance on the *Restatement (Second) of Conflicts of Laws* (1971), 476 So.2d at 606, which we applied in the instant case. *Kountouris* involved the application of the *Second Restatement* to an instrument drafted in Mississippi conveying real property in Greece. The Mississippi Supreme Court suggested, 476 So.2d at 606, that under the *Second Restatement's* test, Greek law would be applicable. It did not say that Mississippi would not give effect to the law of another jurisdiction in determining the validity of a clause in a contract. We remain convinced that by following the rules laid out in the *Second Restatement,* we accurately predicted Mississippi law.

Canal also requests clarification of one aspect of our opinion. We oblige. It was not our intent to decide whether Canal's liability is limited to the minimum amount required under the Arkansas law we relied on ($25,000) or to the limits of its insurance policy ($100,000). That issue is to be first addressed by the trial court on remand.

With the foregoing clarification, the petition for rehearing is DENIED. Canal's motion to add a third member to the panel to replace Judge Albert Tate, Jr. is also DENIED.