# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2014

Lyle W. Cayce
Clerk

No. 13-20081

VERA CHAPMAN; KRYSTAL HOWARD,

Plaintiffs-Appellees

v.

A.S.U.I. HEALTHCARE AND DEVELOPMENT CENTER; DIANN SIMEN,

Defendants-Appellants

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-3025

Before REAVLEY, PRADO, and OWEN, Circuit Judges.

PER CURIAM:*

The principal issue in this Fair Labor Standards Act ("FLSA") case is whether Plaintiff-Appellees Vera Chapman and Krystal Howard were employees of Defendants-Appellants A.S.U.I. Healthcare and Development Center and Diann Simien[1] (collectively "ASUI"). The district court held on summary judgment that they were employees, rather than independent

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Although Simien's name is spelled "Simen" on the district court docket sheet, we adopt the spelling used in the Appellant's brief.

No. 13-20081

contractors, and therefore entitled to be paid for overtime. The court conducted a bench trial as to damages. We AFFIRM.

Chapman and Howard worked as direct caregivers in group homes for persons with mental disabilities. ASUI contracted with the state to provide the assistive services, and it leased the homes. Chapman and Howard's duties included cooking, cleaning, and assisting the clients with medication. The plaintiffs began their shifts at approximately 3:00 p.m. and worked until 9:00 a.m. the next morning. Although they stayed at the group homes overnight, they were not paid for all of the hours on duty, specifically the "downtime" from 10:00 p.m. to 6:00 a.m. They filed the instant suit against ASUI to recover for unpaid overtime wages in excess of forty hours worked per week. *See* 29 U.S.C. §§ 206(a), 207(a).

ASUI contends first that the instant suit is barred by collateral estoppel because of a similar suit filed in the Southern District of Texas that resulted in a take nothing judgment against the plaintiff. The plaintiff in that case made a claim not only for overtime pay but also for personal injuries. The record shows that the plaintiff subsequently abandoned the FLSA overtime claim. The final judgment therefore was not an adjudication of the issues presented in the instant case. *See Matter of Braniff Airways*, 783 F.2d 1283, 1289 (5th Cir. 1986) (party seeking to apply collateral estoppel must prove that an issue was actually litigated in a prior action); *see also Nichols v. Anderson*, 788 F.2d 1140, 1141-42 (5th Cir. 1986).

ASUI next contends that the district court erroneously found that the plaintiffs were employees because, *inter alia*, Simien testified that the plaintiffs were hired as independent contractors, and they signed contracts acknowledging that status. Neither a defendant's subjective belief about employment status nor the existence of a contract designating that status is dispositive. *See Robicheaux v. Radcliff Material, Inc.*, 697 F.2d 662, 667 (5th

No. 13-20081

Cir. 1983). Rather, we look to multiple factors to assess the "economic reality" of whether the plaintiff is so dependent on the alleged employer that she is an employee or is so independent that the plaintiff essentially is in business for herself. *See Donovan v. Tehco, Inc.*, 642 F.2d 141, 143 (5th Cir. 1981); *Usery v. Pilgrim Equip. Co.*, 527 F.2d 1308, 1311-12 (5th Cir. 1976). The factors include the "degree of control, opportunities for profit or loss, investment in facilities, permanency of relation, and skill required." *Pilgrim Equip.*, 527 F.2d at 1311.

The record shows that ASUI controlled all the meaningful aspects of the employment relationship. ASUI hired Chapman and Howard, assigned them to their respective group homes, set their work schedule, and determined how much to pay them on an hourly basis and when to increase their hourly rate. There was no opportunity for the plaintiffs to profit beyond their hourly wage, and they were not at risk to suffer any capital losses. Both plaintiffs worked for ASUI for multiple years, although Chapman had two short gaps in her employment. The plaintiffs' only investment in the business was the purchase of their uniforms. ASUI, on the other hand, contracted with the state to provide the services; operated a dayhab facility for the clients' day time use; and maintained a central office headquarters. Any lack of supervision by ASUI as to how Chapman and Howard should go about cooking and cleaning does not transform the plaintiffs into independent contractors. *See Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008). The economic reality test does not show that the plaintiffs were so independent of ASUI that they were in business for themselves. *See Pilgrim Equip.*, 527 F.2d at 1311-14. The district court did not err by concluding that they were employees.

We also conclude that under a similar economic reality test for determining employer status, the district court did not err by concluding that Diann Simien, ASUI's vice president and program manager, was a statutory employer for purposes of the FLSA. *See* 29 U.S.C. § 203(d); *Martin v. Spring*

3

No. 13-20081

*Break '83 Productions, L.L.C.*, 688 F.3d 247, 251 (5th Cir. 2012).  To determine whether an individual or entity is an employer, we look to who has operating control over the employees, and we consider "whether the alleged employer: '(1) possessed the power to hire and fire employees; (2) supervised or controlled employee work schedules or conditions of employment; (3) determined the rate or method of payment; and (4) maintained employee records.'" *Gray v. Powers*, 673 F.3d 352, 354-55 (5th Cir. 2012) (citation omitted).

The district court correctly determined that Simien exercised substantial control over management of the plaintiffs' employment, set the plaintiffs' rate of pay, and personally reviewed their hours and compensation.  Chapman and Howard testified that Simien hired them both, assigned them to their group homes, and decided when to raise their hourly pay.  She also scheduled them to work when needed to cover for employees who did not show up.  Howard testified that Simien told her she would not be paid for certain hours.  Simien's own testimony showed that on various occasions she exercised authority and control by authorizing the billing specialist to pay the direct caregivers for certain time.  Simien also testified that she ensured criminal background checks were performed on new hires and that letters of reference were obtained.  Based on the economic realty test, the record supported the district court's finding that Simien exercised operating control over the plaintiffs.

We are not persuaded by ASUI's argument that the FLSA's companionship services exemption applies in this case.  *See* 29 U.S.C. § 213(a)(15).  ASUI offered no evidence as to this exemption in opposition to the plaintiff's summary judgment motion, which ordinarily precludes review. *See Colony Creek, Ltd. v. Resolution Trust Corp.*, 941 F.2d 1323, 1326 (5th Cir. 1991); *see also Bell v. Thornburg*, 738 F.3d 696, 702 (5th Cir. 2013); Fed. R. Civ. P. 56(c)(1).  ASUI's further attempt to incorporate by reference arguments it made in its motion to dismiss is also impermissible.  *See Yohey v. Collins*,

985 F.2d 222, 225 (5th Cir. 1993); Fed. R. App. P. 28(a)(9).  Moreover, the record shows that the exemption does not apply because the plaintiffs were not working in private homes within the meaning of the FLSA.  *See* 29 C.F.R. § 552.3; *see also Welding v. Bios Corp.*, 353 F.3d 1214, 1219-20 (10th Cir. 2004).  Although the clients do reside in the living units, albeit in groups of three, these group homes are maintained primarily to facilitate provision of the assistive services.  *See Welding*, 353 F.3d at 1219.  But for their receipt of assistive services from ASUI, the clients would not necessarily be living in these units.  ASUI's reliance on *Long Island Care at Home, Ltd. v. Coke*, 551 U.S. 158, 127 S. Ct. 2339 (2007), is inapposite as that case provides no assistance for determining what is a "private home" for purposes of the companionship services exemption.

ASUI next challenges the district court's admission in the bench trial of summary exhibits used to determine damages.  Summaries are generally admissible when "(1) they are based on competent evidence already before the jury, (2) the primary evidence used to construct the charts is available to the other side for comparison so that the correctness of the summary may be tested, (3) the chart preparer is available for cross-examination, and (4) the jury is properly instructed concerning use of the charts."  *United States v. Bishop*, 264 F.3d 535, 547 (5th Cir. 2001); *see* Fed. R. Evid. 1006.  The summaries here were based on ASUI's own records and/or the plaintiffs' testimony.  The district court was fully able to compare the summaries with the primary evidence.  Although ASUI correctly argues that the chart preparer was not available for cross-examination, this was a bench trial, not a jury trial.  ASUI was able to argue about claimed inaccuracies in the evidence, and the district court expressly took those claims into account.  ASUI fails to show that the district court abused its discretion.  *See Triple Tee Golf, Inc. v. Nike, Inc.*,

485 F.3d 253, 265 (5th Cir. 2007) (evidentiary rulings are reviewed for abuse of discretion).

ASUI further argues that the district court erroneously declined to exercise its discretion to omit an award of liquidated damages. *See* 29 U.S.C. § 216(b); *Reich v. Tiller Helicopter Servs., Inc.*, 8 F.3d 1018, 1030 (5th Cir. 1993) (Section 216(b) "mandates the award of liquidated damages in an amount equal to actual damages following a determination of liability."). Although the district court has discretion not to award liquidated damages, the employer must first satisfy the court that it acted in good faith and with a reasonable ground for believing it was not violating the FLSA. *See* 29 U.S.C. § 260; *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1263 (5th Cir. 1986). ASUI has not met this "substantial burden." *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468 (5th Cir. 1979). The only evidence bearing on ASUI's good faith was Simien's bare agreement with counsel that ASUI had spoken to an attorney and an unnamed consultant when forming its opinion that the plaintiffs were not employees. No further explanation or discussion was provided about any investigation by ASUI into the plaintiffs' employment status. We conclude that the district court did not abuse its discretion by refusing to omit a liquidated damages award. *See, e.g., Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990).

AFFIRMED.