Colonel T.L. Goodwin, Director Arkansas State Police 3 Natural Resources Drive P.O. Box 5901 Little Rock, AR 72215
Dear Colonel Goodwin:
This is in response to your request for an opinion on several questions concerning Act 86 of 1989 (3rd Ex. Sess.). That act amends several provisions of the law dealing with motor vehicle inspection stickers, and in primary part raises the fee for such stickers and channels the funds derived from this increase to the construction of additional prison space. Your questions will be restated below and answered in the order posed.
Your first question inquires as to the effective date of Act 86. The act becomes effective, by its own terms, on January 2, 1990. See 16 of the Act.
Your second question inquires as to whether the act allows for an increase on "trailer/motorcycle" inspection stickers, or whether they will remain the same. The act raises the minimum fee for "trailers," but may not change the fees now charged. Some explanation is required. The old provision of law, before it was amended by Act 86, provided that the fee for inspection stickers for "trailers" was to be as provided by rule and regulation of the Director, but was not to be less than $3.25 nor more than $17.50. The new act amends this section by providing that the fee for trailers shall still be as provided by rules and regulations promulgated by the Director, but now the fee shall not be less than $3.50, nor more than $17.50. Thus, the act only raises the minimum below which the Director may not set the fee for "trailers."
The second part of your second question inquires as to whether the fee for motorcycle inspection stickers will increase under the new act. It is my opinion that it will. Motorcycles are treated exactly the same way as conventional vehicles. That is, the fee for inspection of motorcycles was formerly $3.25, and has been increased to $3.50 under the new act, It is thus apparent that when the new act addresses inspection certificates for motor vehicles, it is also addressing the certification of motorcycles.* Under Arkansas law a motorcycle is a "motor vehicle." Carner v. Farmers Ins. Co., 3 Ark. App. 201, 623 S.W.2d 859 (1981). ___________. * There are, however, some distinct provisions of law regarding the time for renewal of motorcycle registrations (see A.C.A. 27-20-105), and the standard equipment required for them. See A.C.A. 27-20-104. ___________.
Your third question is as follows: The Arkansas State Police traditionally begins its sale in the month of December for inspection stickers due the following year. May the 1990 inspection stickers sold before January 2, 1990 be sold for $1.50, or must they be sold for $1.25? If, in your opinion, the cost increase does not go into effect until January 2, 1990, may the State Police withhold the sale of inspection stickers until that date?
Your third question refers to the sale of inspection stickers by the Department to the individual service stations who will administer and issue the inspection certificates to vehicle owners. The Department, prior to the adoption of the new act, sold the stickers for $1.25 to the stations. In response to the first part of your third question, it should be noted initially that because it is now after January 2, the question may be moot. It is my opinion, however, that the stickers could not be sold prior to January 2 (the effective date of the act) for $1.50. Prior to this date, the old law remains in effect, and mandates the sale price at $1.25.
In response to the second part of your third question, there appears to be no relevant law governing when the sale of inspection stickers must be made by the Department. The statutes merely provide in A.C.A. 27-32-110(a) that the "department shall issue permits for and furnish instructions and all necessary forms to official inspection stations for the inspection of motor vehicles as required in this chapter." It should be noted, however, that the Department must sell the inspection stickers in such a manner that they will be available for distribution to the public so that the public may comply with the existing staggered schedule of renewal established by the Director. As long as the Director sells the stickers in a time frame which allows the public to comply with the mandated renewal, I can find no law which would prohibit the Department from delaying the sale of the stickers until after January 2.
Your fourth question is whether the State Police has "to honor present requests for stickers which have been remitted at the amount of $1.25 per sticker." It is my opinion that the date which determines the cost of the stickers is the date the Department accepts the orders for stickers by mailing or otherwise delivering them to the inspection stations. If the Department has received requests for stickers prior to the effective date of the act, but does not distribute them until after the effective date, it is my opinion that the new fee of $1.50 may be charged.
Your fifth question is as follows: Will the Arkansas State Police still be entitled to the collection, for deposit to the State Police Operations Account (SAP), of the renewal and application fees?
I assume that you are referring to the $50.00 annual fee payable by the inspection stations in order that they may obtain a permit to operate as an inspection station. See A.C.A. 27-32-110(b)(1). It is my opinion that the disposition of these fees is governed by A.C.A. 27-32-116, as amended by Act 86 of 1989 (3rd Ex. Sess.), which provides in pertinent part as follows:
 (a) All fees (other than amounts collected for the purchase of certificates of inspection) collected by the department under this chapter shall be special revenues and shall be deposited in the State Treasury to the credit of the State Police Fund to be used to defray the cost of administering this chapter and for the support of the department as provided by law.
It is thus my opinion that the "permit" fees are to be credited to the "State Police Fund" to be used for the support of the Department and for administering the inspection law.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.