HOOD, Judge.
Mrs. Irene Guilbeau Latour instituted this action for separation from bed and board against her husband, and incidental to that action judgment was rendered by the trial court condemning the defendant to pay to plaintiff the sum of $150.00 per month during the pendency of the suit for her support and for the support and maintenance of the two minor children of the marriage. Defendant has appealed from that judgment, contending that the amount awarded as alimony pendente lite should be reduced. Plaintiff has answered the appeal praying that the award be increased.
The only issues presented on this appeal relate to the amount needed by plaintiff for the support and maintenance of herself and her children, and to the amount which the defendant is able to pay for that purpose.
The law provides that if the wife has not a sufficient income for her maintenance pending a suit such as this, the judge may allow her “a sum for her support, proportioned to her needs and to the means of her husband.” LSA-R.C.C. Article 148.
The amount which the husband is required to pay to the wife for her maintenance, or for the support and maintenance of the children, must be determined by the facts and circumstances of each particular case, and the fixing of the amount to be paid is largely within the discretion of the trial court. Brown v. Harris, 225 La. 320, 72 So.2d 746; Hicks v. Hicks, La.App. 2 Cir., 147 So.2d 750.
The evidence shows that plaintiff in the instant suit is not employed and that she has no income from any other source. Prior to the filing of this suit she came into possession of $5,000.00 in cash, which sum is now invested in a savings and loan association. Plaintiff has been enj oined from disposing of this money, however, so none of it is available to her. Plaintiff and her two children, both of whom are of school age, are living in a rented house, while the defendant resides in the family home. Plaintiff’s testimony as to her living expenses, including rental and the care of her children, indicates that the amount allowed by the trial court is inadequate to cover those expenses. We think the evidence clearly establishes that plaintiff needs more than the amount allowed by the trial court for the support and maintenance of herself and her two children.
Defendant contends that he has an income of only $175.00 per month, and thus *424 that he is financially unable to pay the amount of alimony pendente lite which was ordered by the court.
The evidence shows that defendant is employed by his father at a salary of $175.00 per month, and that this is the only fixed salary which he receives. He owns a rent house, however, which is being rented for $25.00 per month, practically all of which rental payments heretofore have been given or turned over to the plaintiff. Defendant also owns some farm property which he rents to tenant farmers for raising cotton, and as rental for this farm property he receives an average of from 27 to 28 bales of cotton per year. He incurs some expense in furnishing fertilizer for the cotton raised on this farm, but he concedes that his net income from the rental of his farm property is at least $35.00 per bale, which according to our figures amounts to almost $1,000.00 per year. Defendant also raises and bales hay, harvesting approximately 5,000 bales of hay each year. The record does not show how much he receives from this operation, but we assume that he derives some profit from it since he continues to raise and bale hay each year.
During the year 1963 defendant received a cash consideration of $7,000.00 for an oil lease affecting some of his property, but he states that this payment was the full amount due for a five-year paid up lease, and that he has spent all of the funds which he received. He paid approximately $1,700.00 as income taxes for the year 1963. He owns two relatively late model automobiles, two TV sets, two hi-fi or stereo sets and some house furniture, all of which has been fully paid for.
We think the evidence establishes that defendant’s income is more than $175.00 per month. As we have already pointed out, he receives a net income of approximately $1,000.00 per year from his tenant farming operations, some additional income from the raising and baling of hay, and a small sum from the rental of a house which he owns. From all of this evidence we conclude, as did the trial judge, that defendant is able to pay the sum of $150.00 per month for the support and maintenance of his wife and children pending this suit. We are not convinced, however, that defendant is able to pay more than that amount.
For the reasons herein set out, therefore, the judgment appealed from is affirmed. All costs of this appeal are assessed to defendant-appellant.
Affirmed.