PRICE, Judge.
Helen Moore Cloud obtained a judgment of final divorce from her husband, Roy Allen Cloud, and was awarded custody of their minor child. The court reaffirmed *390 the $80 award for child support previously fixed by rule.
Plaintiff has appealed from only that portion of the judgment awarding child support, contending the trial judge erred in limiting the award to only $80 per month when the testimony showed the needs of the child to exceed $200 per month, and that defendant had sufficient disposable income to pay this amount.
Pursuant to the request of both counsel at the beginning of trial, no record was made of the testimony and proceedings had on trial of this cause. As counsel were unable to agree on a joint stipulation of fact, the trial judge prepared and filed a narrative of facts pursuant to La.C.C.P. Art. 2131.
We do not deem it necessary to relate in detail the recollection of the trial judge of the itemization of the parties of their respective incomes and expenses as it is readily apparent from studying his narration of facts that no abuse of his discretion in determining child support payments has been shown. Counsel for appellant takes issue with the accuracy of the narration and asserts that the court either omitted or misconstrued a portion of defendant’s testimony relating to automobile expenses, which if correctly set forth would increase his spendable income over that determined by the court.
Correspondence between appellant’s counsel and the trial judge is attached to appellant’s brief with the consent of the trial judge reflecting some disagreement existed over the accuracy of the narrative of the court. However, the correspondence of the trial judge referred to cannot be interpreted as modifying or amending the previous narration of facts. Therefore, in accordance with the provisions of La.C.C.P. Art. 2131, this court must accept the narrative as filed as being conclusive,
From the narrative of facts prepared by the court it appears defendant had take home pay from his employment as a commission salesman for Sears for the preceding six and one-half months of $4,250.88. Defendant’s expenses were recited to be $600 per month. Plaintiff’s net earnings were $102.09 per week plus a quarterly dividend of $117. Although she itemized expenses for the child at $201.50 per month, the court found she had allotted to the child a full one-half share' of payments on her residence, her automobile expense, food, and other such items by which plaintiff supports herself.
As a result of a community property settlement previously consummated, plaintiff received the residence, one automobile, savings accounts totaling $1,454.59, and 126 shares of American Telephone & Telegraph stock. She also assumed the balance of $5,950.20 on the home and the balance of $2,221.10 owing on the automobile. Defendant received several items of movable property and assumed the balance owing on mortgage indebtedness thereon.
On the basis of this evidence the trial judge concluded $80 per month was commensurate with the needs of the child and with defendant’s ability to pay. He further ordered defendant to carry the child on all hospitalization and medical insurance plans.
As previously stated herein, we cannot consider the several arguments advanced by appellant in brief to this court to support his contention that the amount fixed by the court is manifestly erroneous, where there is no evidence contained in the record to substantiate these claims.
The amount of support for children must necessarily be determined by the facts and circumstances of each particular case and the amount to be paid is largely within the discretion of the trial judge. Guilbeau v. Latour, 168 So.2d 422 (La.App. 3d Cir. 1964), and cases cited therein.
We find no abuse of the discretion appearing in the record before us. Defendant has answered the appeal and requested damages be awarded him against *391 plaintiff for taking a frivolous appeal. We find no basis for this contention. Appellant’s attorney has impressed us that he is sincere in prosecuting this appeal which involves questions of fact as well as law.
Damages are not allowed when it appears the appellant has acted in good faith and has an honest belief the judgment is erroneous. Parker v. Interstate Life & Accident Insurance Co., 248 La. 449, 179 So.2d 634 (1965). Appellee’s claim for damages for frivolous appeal is therefore rejected.
For the foregoing reasons the judgment appealed from is affirmed at appellant’s costs.