351 So.2d 825 (1977)
Donald Lawrence JONES
v.
Mary Louise Roberts JONES.
No. 11524.
Court of Appeal of Louisiana, First Circuit.
October 17, 1977.
*826 Gerard E. Kiefer, Baton Rouge, of counsel for plaintiff-appellee Donald Lawrence Jones.
A. Clay Pierce, Baton Rouge, of counsel for defendant-appellant Mary Louise Roberts Jones.
Before BLANCHE, COVINGTON and CHIASSON, JJ.
COVINGTON, Judge:
The former wife of Donald Lawrence Jones, Mary Louise Roberts Jones, now Dyson, has appealed the trial court's judgment denying her an increase in child support. The trial judge, in his oral reasons for dismissing the wife's rule, indicated that he found insufficient evidence of a change in circumstances to justify an increase in the amount of child support. We agree and affirm.
Prior to October 2,1976, the husband was paying $400.00 monthly for the support of three minor children pursuant to an order of the Family Court in Baton Rouge. The oldest child attained the age of 18 years on October 2, 1976; a few days prior thereto, Mr. Jones filed a rule, which was set for hearing on October 7, 1976, to decrease the amount of child support pro rata between the two remaining minor children from $400.00 to $266.66, or $133.33 per month per child, and the wife in the same proceeding, asked for an increase. Judgment was signed on this rule on October 13, 1976, reducing the amount of child support from $400.00 to $325.00, or $162.50 per month per child. At the same time, the trial judge dismissed the wife's rule to increase the amount of child support. No appeal was taken from that judgment.
Subsequently, the wife brought another rule to increase child support, which was heard on January 20, 1977, and judgment was signed on March 17, 1977, dismissing the wife's demands for increase in the child support payments and maintaining the prior order of child support in effect. It is the appeal from this judgment that is presently before this Court.
We find the rule to increase child support was properly denied. In child support matters, the party requesting an adjustment or modification of a prior award has the burden of proving a substantial change in the circumstances of one of the parties. Gennaro v. Gennaro, 306 So.2d 756 (La.App. 4 Cir. 1975), writ denied, 310 So.2d 844 (La., 1975).
The change relied upon by the appellant wife is that Mr. Jones remarried and his present wife was working and earning income which should be considered in determining the amount of child support. In making his finding that there was no change in circumstances to justify an increase, the trial judge necessarily accepted the testimony of Mr. Jones and his present wife, Madeline Sue Jones, that the present Mrs. Jones was not working regularly at the time of the hearing, had previously resigned from her employment, and did not intend to resume working. No other change in circumstances was suggested. Thus, the evidence does not show that there was a substantial change in the circumstances of these parties which would justify a modification of the award of child support.
In fixing the amount of child support, the trial judge is vested with discretion; his judgment in this respect must be affirmed in the absence of manifest abuse. Cloud v. Cloud, 276 So.2d 389 (La.App. 2 Cir. 1973).
The record shows that there was no abuse of his discretion in this case; he properly refused to increase the award for child support.
For the reasons assigned, the judgment on the rule is affirmed at appellant's costs.
AFFIRMED.