# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 94-CA-00785-SCT

*STEVEN E. VARVARIS*

*v.*

*JEAN KOUNTOURIS, MIKE KOUNTOURIS AND THE*
*ESTATE OF EMANUEL VARVARIS*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/18/94 |
| TRIAL JUDGE: | HON. ROBERT LEWIS GIBBS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | STEVEN E. VARVARIS |
| ATTORNEY FOR APPELLEES: | PAUL NEVILLE |
| NATURE OF THE CASE: | CIVIL - TORTS (OTHER THAN PERSONAL INJURY AND PROPERTY DAMAGE) |
| DISPOSITION: | AFFIRMED - 2/20/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE PRATHER, P.J., PITTMAN AND SMITH, JJ.**

**PRATHER, PRESIDING JUSTICE, FOR THE COURT:**

## INTRODUCTION

The instant appeal represents the fourth appeal before this Court involving litigation between Steven Varvaris and his sister and brother-in-law as well as the continuation of a lengthy family feud between said parties. The earlier cases of ***Kountouris v. Varvaris***, 476 So.2d 599, 607 (Miss. 1985), ***In Re Will and Estate of Varvaris***, 477 So.2d 273 (Miss. 1985), and ***Matter of Estate of Varvaris***, 528 So.2d 800 (Miss. 1988) dealt with issues arising from the last will and testament of Emanuel Varvaris, the father of Steven and Jean. The record indicates that the parties in the present case have also litigated extensively in federal courts as well as in courts in Greece and Turkey.

The present appeal involves allegedly fraudulent actions on the part of Jean occurring in 1967 and 1969 in connection with the conveyance of real property located in Greece, as well as the alleged

conversion of personal property and an allegedly malicious civil prosecution both of which, Varvaris alleges, occurred in Greece in 1993. The circuit judge dismissed all of the aforementioned causes of action based on the running of the statute of limitations or based on the judge's declining to exercise jurisdiction over the causes of actions arising in Greece. This Court affirms.

## STATEMENT OF THE CASE AND FACTS

Steven Varvaris filed suit in the Circuit Court of Hinds County on March, 1993 against his sister, Jean Kountouris and her husband, Mike Kountouris. Varvaris alleges in his petition that his sister and brother-in-law fraudulently concealed a cause of action arising from the transfer of a quitclaim deed to two properties located in the District of Hora, Patmos, Greece. The deed was prepared in 1967 and transferred to Varvaris in 1969 in Jackson, Mississippi in exchange for properties located in the district of Grikou, Patmos, Greece and twenty-five thousand dollars in cash. Varvaris alleges that his sister did not actually own the properties in question and thus had no title to transfer, but he nevertheless notes that he retains full ownership in the two properties today based upon adverse possession and having recorded the deed in 1983. Indeed, the properties have appreciated dramatically in value since 1969 up to a current value of approximately $500,000, and Varvaris notes that Jean filed an unsuccessful lawsuit in Greece in 1993 in order to set aside said conveyance.

The unsuccessful Greek civil suit gives rise to Varvaris' second cause of action against his sister and her husband: a malicious civil prosecution cause of action. Varvaris also asserts a conversion cause of action resulting from an alleged incident in Greece in 1993 in which, he contends, Jean and Mike stole personal property of his worth in excess of $75,000.00 from his residence in Patmos, Greece. In response to a Miss. Rules of Civil Proc. Rule 12 motion from Jean and Mike, the circuit judge dismissed all three of Varvaris' causes of action. The judge declined to exercise jurisdiction over the conversion and malicious prosecution causes of action, based on the premise that said actions were in current litigation in Greece and given that said actions would require the application of Greek law and would necessitate the calling of Greek witnesses. The judge dismissed the fraudulent concealment cause of action based upon a ruling that the statute of limitations had run. Varvaris filed a timely appeal from said rulings.

## LAW

**I. The lower court judge erred in refusing and depriving Appellant's request and right to a court hearing with a court reporter present and depriving and denying appellee to have witnesses as well as appellant's themselves testify to give evidence under oath.**

Varvaris' entire argument with regard to his first point of error is as follows:

It is plaintiff's position and agreed upon by defendant's own attorney, Paul Neville, that once a plaintiff requests a hearing with a court reporter, as well as calling relevant witnesses to testify for plaintiff, the lower court judge should have granted plaintiff's request and for the lower judge to deny and deprive plaintiff of his request is an error on his part and this exhibits bias and prejudice against the plaintiff.

Varvaris' complains that the trial judge did not allow him to finish his oral argument before ruling against him, and that he was forced to conclude his "oral" argument in writing. Varvaris cites no

authority for the proposition that the trial judge had no discretion to cut short his argument, and he requests no remedy from this Court in this regard. Varvaris merely asserts that the trial judge's failure to grant said hearing exhibits bias against him. This Court need not consider such a point of error lacking in authority, and this point of error is overruled.

**II. The lower court's ruling that the statute of limitations on issue two, trover and conversion and malicious prosecution, even though that both issues occurred in 1993, that the statutes of limitations were not active and expired.**

In his second point of error, Varvaris appears to misconstrue the ruling of the trial court below. Varvaris appears to be under the impression that the trial court ruled that his trover/conversion and malicious prosecution actions arising from events which allegedly occurred in Greece in 1993 were barred by the statute of limitation. In fact, the trial court made no such ruling, but rather declined to exercise jurisdiction over these matters. Accordingly, this point of error represents an appeal from a non-existent ruling and is overruled.

**III. The lower court erred and grossly misconstrued and wrongfully misinterpreted [sic.] Mississippi statute 15-1-67, Effect of Fraudulent Concealment of Cause of Action involving appellant's first issue, that the time accrues and commences from day one the concealed fraud occurred rather from day one the fraud was discovered with property and due diligence on appellant's part.**

Varvaris sued Mike and Jean based upon a fraudulent concealment cause of action under Mississippi law. Miss. Code Ann. § 15-1-67, "Effect of fraudulent concealment of cause of action" provides that:

> If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.

It is Varvaris' contention that Jean and Mike Kountouris committed fraud against him in 1967 and 1969 by purporting to quitclaim to him two parcels of real property located in the District of Hora, Greece which they did not actually own and thus had no right to convey.

Varvaris asserts in his complaint that his mother, Kaliope, had briefly possessed the home in the Hora District in Greece, but he asserts that she did not legally own said property. Varvaris alleges that a Ms. Christalis had gained ownership of the Hora property by adversely possessing said property between 1937 and 1963, but that the Kountorises promised her $1,000 in 1963 if she agreed to not formally pursue her adverse possession claim against them. Thus, Varvaris contends that the Kountorises knew beginning in 1963 that neither parent legally owned either of the two properties in the District of Hora. Varvaris notes that, in 1969, Jean and her father Emanuel Varvaris transferred a quitclaim deed in Jackson, MS conveying the two properties in the Hora District to Steven Varvaris in exchange for the title to two properties in the district of Grikou and twenty-five thousand dollars.

The present appeal arises from the granting of a Miss. Rules of Civil Proc. Rule 12 motion to dismiss filed by Jean and Mike in lieu of an answer to Varvaris' petition. The standard of review for this Court is to determine whether, accepting the allegations in Varvaris' complaint as true, it appears

beyond doubt that Varvaris could not prove any set of facts under which he would be entitled to relief. *Overstreet v. Merlos*, 570 So.2d 1196 (Miss. 1990).

This Court initially notes that it appears questionable whether Mississippi law, rather than Greek law, should apply to the present cause of action at all. In *Kountouris v. Varvaris,* this Court remanded to the trial court for a consideration of whether Greek law should apply, in spite of the fact that both parties involved urged that Mississippi law be applied. *Kountoris*, 476 So.2d at 607. Given that the present dispute centers around alleged fraud concerning real property located in Greece, it appears likely that Greek law should apply and that Varvaris should not be able to maintain the concealment fraud cause of action under Mississippi law at all. This Court need not make a holding in this regard, however, given that it is clear that Varvaris will be unable to establish a concealment fraud cause of action, even assuming that Mississippi law were held to apply.

One glaring area in which Varvaris' cause of action is lacking is with regard to any possible theory of damages. Varvaris alleges that "both the real estates were in full possession of plaintiff, Steven Varvaris, from 1969-1993 for over 24 years and lawful title acquired by Varvaris by recordation of the 1969 Sales Deed in May of 1983." Thus, Varvaris alleges that he was defrauded by being sold a quitclaim deed to property not owned by the vendors, but he nevertheless asserts that he validly owns said property based upon both Greek law of adverse possession and upon the recording of the quitclaim deed in 1983.

Accepting the facts in the petition as true, it appears that the allegedly fraudulent conveyance of the Hora properties was highly beneficial to Varvaris, given that Varvaris owns this property to this date and given that this property has dramatically appreciated in value. Indeed, Varvaris' complaint notes that Jean unsuccessfully filed suit in Greece in 1993 to set aside the conveyance. The following excerpt from Varvaris' petition is illustrative as to both the personal and vindictive nature of the current dispute as well as to the fact that Varvaris currently owns the Hora properties in question:

> From the above, my insane and criminal sister and defendant, Jean Kountoris, alleges in her suit of 1993 ... "that my brother took advantage of my youth" in 1969 and her age then was 43 years old, "and inexperience and induced me to convey the properties on July 8, 1969." The complete idiotic, outrageous, scandalous, false, bogus, and fraudulent allegations of my sister would stagger even the imagination of an idiot. From day one my sister and defendant alleges a fantasy, and yet the same idiot, waits for over 24 years, realizes that the same property is worth over $500,000.00 and now wants to claim it back ..."

Varvaris' petition is thus internally inconsistent in that he repeatedly notes his full ownership rights in the Hora properties quitclaimed to him, yet he claims that his sister defrauded him by purporting to convey property which she did not own.

The other area in which Varvaris' petition is lacking is with regard to a coherent theory as to which actions by Jean and Mike subsequent to the alleged actual fraud in 1967 and 1969 served to conceal the alleged fraud. Varvaris merely cites the black letter law applicable to concealment fraud and asserts that he will establish a factual basis for said legal theory at trial. Varvaris asserts that he first learned of the fraud in 1993, but his petition leaves it unclear as to the manner in which he came to said realization. The suit filed by Jean in Greece in 1993 appears to have contended that she had a valid title to the property in question, but that she was induced by Steven to sell her said property

based on her "youth and inexperience."

Given that Varvaris recounts at great length the factual basis for every past and present grievance he has against Jean, the absence of any factual basis in the petition supporting his citations of black letter law is quite conspicuous. It appears to this Court that Varvaris is merely using the pretext of a concealed fraud in order to maintain a highly doubtful cause of action which occurred several decades ago. Accepting the facts in Varvaris' petition as accurate, it appears beyond doubt that he will be unable to prove any set of facts under which he would be entitled to relief, even assuming that Mississippi law should apply to the present dispute. Accordingly, this Court concludes that the circuit judge correctly dismissed the present cause of action and said dismissal is accordingly affirmed.

> **IV. The lower court erred by ruling that all three issues of appellant's occurred only in the foreign country of Greece and in fact, with the exception of the second issue of trover and conversion, all the events of the other two issues occurred only in the city of Jackson, county of Hinds, state of Mississippi and agreed even by appellee's attorney, Paul Neville.**

This point of error once again misconstrues the ruling of the trial court below in part, given that the trial court did not contest that the alleged concealed fraud cause of action arose in part in the United States. The trial court dismissed the concealed fraud cause of action based on the fact that said cause of action was barred by the statute of limitations. There is a valid issue as to whether Greek law should control the allegations in the present case, but this issue need not be addressed given that Varvaris' complaint fails to state a claim upon which relief might be granted.

> **V. In conformity with C.J.S. statutes 89 and 90, jurisdiction and venue, respectively, provide that a plaintiff may institute a civil action in one state or country and such action may be brought in any county of jurisdiction over the parties can be obtained, as well as on conflict of issues, most jurisdiction have rejected the Lex Loci Delicto and apply the law of the state having the greatest interest on the issue in question of liability for inter-family torts as the state of Louisiana Supreme Court correctly ruled in *Jagers v. Royal Indemnity Co.*, 276 So. 2d 390 (LA 1973).**

> **VI. The lower court erred in ruling that the Mississippi court is not the proper forum on all three issues at bar and lacks jurisdiction of all subjects and entire subject matter on all three issues of appellants.**

> **VII. The lower court erred by ruling that all three issues of appellant are presently in litigation in Greece and in fact only one of the three was litigated and terminated in favor of the appellant and thus met one of the essential requirements of Mississippi law, that the case must have been abandoned or terminated in conformity with what this court ruled in *Royal Oil Co. Inc. v. Wells*, 500 So. 2d 439 (Miss. 1987) and *Gaylord of Meridian, Inc. v. Sicard*, 384 So. 2d 1042 (Miss. 1980).**

> **VIII. Appellee's attorney is constantly confused and relates the three issues of the appellant's at bar with another issue involving two wills and a power of attorney that has been litigated and terminated in both the courts of Mississippi and Greece, devising and conveying only one real estate situated in the District of Grikou, Patmos, Greece and has no relation to conveyed two real estates by one of the appellee's to appellant's personal**

**property that occurred in 1993 and no litigation nor any civil action was commenced by anyone on appellant's two issues in any court in Mississippi nor in Greece.**

The remaining "points of error" are combined as they all either relate to the trial court's declining to exercise jurisdiction over Varvaris' remaining cause of action or else said "points of error" constitute mere points of argument which will be addressed herein.

### 1. Malicious prosecution.

Varvaris's second cause of action dismissed by the trial court was a malicious prosecution cause of action for the civil suit filed in Greece by Jean. Varvaris cites no authority for a malicious prosecution action arising out of an unsuccessful civil suit filed in a foreign nation, and this is undoubtedly an issue of first impression for this Court. It should be readily apparent, however, that the trial court properly declined to exercise jurisdiction over this cause of action. Alleged abuses of the processes of the Greek court system are properly a subject for Greek courts, and Greek law presumably contains provisions for sanctions in the event of frivolous suits. The difficulties which would be encountered in attempting to decipher the Greek civil action would be extreme, and any abuses of the Greek civil court system are best dealt with by Greek courts. The trial court properly declined to exercise jurisdiction over the malicious prosecution cause of action.

### 2. Conversion

The second cause of action over which the trial court declined to exercise jurisdiction was a conversion cause of action for an alleged incident in which, Varvaris asserts, Jean and Mike converted personal property of his located in Patmos, Greece. Specifically, Varvaris alleges that:

> On or about August 23, 1993, both the defendants, while in Patmos, Greece, did willfully and unlawfully, breaking and entering the residence of the plaintiff in the District of Hora, Patmos, Greece and took, absconded and did steal several valuables and antique icons valued more than $75,000.00, dating from 1796-1898 from the home of the plaintiff and converted the personal property of the plaintiff to them and at least two Greek American nationals vacationing in the island of Patmos are witnesses to the above episode of the two defendants and both living in the US can and will testify on behalf of the plaintiff at trial.

The trial judge declined to exercise jurisdiction over this cause of action, ruling that:

> The Court further finds that all allegations involving events that occurred within the Republic of Greece, if they state a cause of action, would involve the application of Greek law, involve Greek witnesses and according to the complaint are in active litigation between the same parties in the Republic of Greece. Therefore, this Court in the exercise of its discretion declines to exercise any jurisdiction it may have over said cause of action.

This Court held in ***Kountouris v. Varvaris*** that, while the courts of this State have the discretion to exercise jurisdiction over cases involving foreign disputes and requiring the application of foreign law, the exercise of such jurisdiction is not mandatory, and that "whether the trial court will proceed in a case such as this is a matter committed to its sound and informed discretion." ***Id.,*** 476 So.2d at 607-08.

The Chancellor's stated reasons for declining to exercise jurisdiction over the conversion cause of action are, for the most part, sound. Varvaris points out that the alleged incident from which the conversion cause of action arises is not in fact in active litigation in Greece, and he states that unnamed American citizens witnessed the conversion and will be able to testify as to the allegations in his complaint. Nevertheless, the fact remains that the alleged conversion took place in Greece, and would likely involve the application of Greek law. This Court's experiences in Varvaris' previous appeals before this Court demonstrate the extreme difficulties which are encountered in attempting to apply Greek law in the courts of this State.

In addition, this Court should not be expected to ignore the fact that Varvaris' petition reads more like a personal attack and a continuation of a personal vendetta than a civil lawsuit. The acrimonious and disjointed nature of the petition raises question as to whether the lawsuit is designed primarily to seek relief or to harass and waste the resources of Varvaris' family. Varvaris, who, though not an attorney, deems himself to have a "legal expertise on estates, inheritances and property rights, second to none, in the state of Mississippi and the Republic of Greece,"filed the present petition on a *pro se* basis, while Jean and Mike were forced to hire counsel to respond to the suit.

Varvaris' petition repeatedly sets forth every alleged "criminal" act which he alleges Jean and Mike committed against him over the course of their family dispute, only to concede that "none of these criminal patterns are intended for litigation nor anyone of the eight patterns is an issue in this suit and complaint of the plaintiff." The petition also recites Greek law only to summarize the relevancy of said law by pronouncing that "none of the above is an issue in the present complaint and suit and an issue on appeal before the Greek Supreme Court." The petition thus serves to obscure the fact that no valid claim for relief is asserted in the present case by restating prior grievances which have been dealt with in previous cases.

The trial judge can not be expected to ignore such strong indications that a suit might be designed for purposes of harassment in deciding whether to exercise jurisdiction over a given case. In addition, the trial judge correctly concluded that the present grievances would better be litigated in Greek courts applying Greek law. This Court accordingly holds that the trial judge did not abuse his discretion in declining to exercise jurisdiction over this cause of action and his ruling is affirmed in its entirety.

**JUDGMENT IS AFFIRMED.**

**SULLIVAN, P.J., PITTMAN, BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY. LEE, C.J., NOT PARTICIPATING.**